## MALVIN JACKSON v. STATE.

No. A-2512.   Opinion Filed July 1, 1916.

(158 Pac. 292.)

EVIDENCE—Weight and Sufficiency. A judgment of conviction cannot be had upon testimony introduced for the state when that testimony comes wholly from two witnesses of equal credibility, one testifying to the guilt, and the other testifying to the innocence of the accused.

*Appeal from County Court, Pontotoc County;*
*Hon. I. M. King, County Judge.*

Malvin Jackson was convicted of violating the prohibitory law and appeals.   Reversed.

*C. C. Williams,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for defendant in error.

ARMSTRONG, J.   Plaintiff in error was convicted at the March, 1915, term of the County Court of Pontotoc county on a charge of selling intoxicating liquors, and his punishment fixed at

a fine of fifty dollars ($50.00), and imprisonment in the county jail for a period of thirty days.

The evidence introduced on behalf of the state was from two witnesses. The first witness testified that he went with the other to the defendant Jackson's home for the purpose of purchasing whiskey, but instead they asked for a guitar; that he furnished the money to buy the whiskey and saw Jackson and his man, to whom he had furnished the money, go away together; that when they returned his associate and friend had a quart of whiskey, but he did not know whether the whiskey was bought from Jackson or some one else. The associate of this first witness was placed on the stand by the state, and he testified that the first witness had given him no money, that they did not go to Jackson's for whiskey, but went for the guitar; that they got no whiskey from Jackson, or any one else. In fact, he contradicted the first witness in *toto*. At the close of this testimony which was all of the testimony offered by the state, counsel for the plaintiff in error asked that a demurrer be sustained to the evidence and that the jury be advised to return a verdict of not guilty. This was denied by the court, and the question reserved for review by this court.

We do not find it necessary to discuss any other question briefed or argued. The state cannot put on the witness stand two witnesses of equal credibility, one of whom barely makes a case, and another which exonerates the accused, and contend for a conviction. In this case there is no contention that the state was surprised by the testimony of either of these witnesses, and no effort made to explain the matter, other than an effort made on behalf of the state to show that the second witness for the state had been arrested on a charge of selling whiskey, which was not admissible. The first witness for the state admits that he was a violator of the prohibitory law.

It is the duty of the state to establish beyond a reasonable doubt that the person on trial is guilty and that, too, by proper and credible testimony. The state cannot put on two witnesses and prove by one of them that there is a probability of defendant's guilt, and another that he is innocent absolutely, and expect this

court to uphold the judgment. One charged with crime is entitled to a fair and impartial trial and to be convicted according to the forms of law, and it is the duty of the trial court to see that this is done.

We are of the opinion that the evidence is insufficient to support the verdict and judgment.

The judgment is therefore reversed.

DOYLE, P. J., concurs.