[Crim. No. 5221.   Second Dist., Div. Three.   Nov. 19, 1954.]

THE PEOPLE, Respondent, v. BART ANTISTA,
Appellant.

Eleanor V. Jackson for Appellant.

Edmund G. Brown, Attorney General, and Jay L. Shavelson, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant Antista and codefendant Rivers were charged with the unlawful possession of marihuana, in violation of the Health and Safety Code, section 11500. Defendants entered pleas of not guilty as charged in the information. In a trial to the court, codefendant Salome Rivers was found not guilty and defendant Bart Antista was found guilty as charged in the information.

Proceedings were suspended and defendant Antista was granted three years' probation. He appeals from the judgment.

Police Officer Francis A. Cook went to appellant's apartment about 12:30 a. m. and found codefendant Salome Rivers lying on a couch and a man named Poocho sitting alongside her. Officer Cook proceeded to search the apartment and, in a cupboard in the living room, discovered a wax paper bag with loose green leafy material, an ash tray containing three cigarette butts, and some packages of wheat straw paper. Appellant then arrived at the apartment and denied knowledge of these items when they were shown to him. Further search of the apartment revealed a Band-Aid package containing green leafy material and wheat straw paper in a broken radio in an unused bedroom or storeroom. The green leafy substances found in the cupboard and the radio, and the cigarette butts found in the ash tray were all analyzed as marihuana by a qualified chemist.

Defendant testified that he left his apartment at about 3 p. m. and returned after midnight, finding the officer, Miss Rivers and Poocho in his apartment. He denied all knowledge of the presence of the marihuana; he had not used the storeroom or opened the radio for months; he was a nonsmoker and due to an arthritic condition, he could not breathe deeply or move his head easily. He testified that he had one key to the apartment and that it was his custom to leave the same under a mat outside the door for the use of his friends who frequently came to the apartment to watch television; Miss Rivers had slept in the apartment the preceding night. Miss Rivers testified she was clothed in a man's dressing gown over a slip when the officer entered. The latter testified that she said she had been living at the apartment for about 10

days; she testified that she had not made the statement as claimed by the officer, but that she had slept in the apartment the preceding night. There was no evidence that Antista had had any previous connection with marihuana or narcotics. On the other hand, Miss Rivers had previously been convicted of the use of heroin. She was examined by the police for hypodermic needle marks and none was found. This was the extent of the evidence. The sole question is whether the evidence was legally sufficient to establish that defendant had possession of the marihuana. We believe it was insufficient. True, it was found in defendant's apartment, but the circumstances of the case distinguish it from the cases cited by the People and from the other cases we have examined in which convictions of possession were upheld.

In *People* v. *Van Valkenburg*, 111 Cal.App.2d 337 [244 P.2d 750], heroin was found in the defendant's apartment concealed beneath a mattress and more was found in a pocket of a shirt which admittedly belonged to defendant who, it was testified, appeared to be under the influence of narcotics. When defendant's wife stated to officers that the heroin belonged to her, defendant remained silent. In *People* v. *Physioc*, 86 Cal.App.2d 650 [195 P.2d 23], defendant was seen by the arresting officer to throw away a matchbox which contained morphine. In *People* v. *Brown*, 92 Cal.App.2d 360 [206 P.2d 1095], the police officers found a powder in a glass jar on a shelf; on top of the jar were two cuff buttons; inside the jar, wrapped in newspaper, was a substance proved to be heroin. The officers replaced the top of the jar and the cuff buttons; they watched the apartment continuously until defendant entered it; no one else had entered; defendant was alone in the apartment when the officers reentered it; the cuff buttons had been removed and the jar had been opened. Although defendant denied that he sniffed heroin, there was testimony that his nostrils were inflamed. In *People* v. *Torres*, 98 Cal. App.2d 189 [219 P.2d 480], Torres, Tapia and Estrada were riding in an automobile which Torres was driving in an erratic manner. Officers stopped the car, searched it, and found three neatly rolled marihuana cigarettes under a blanket on the front seat. When arrested, the three defendants gave conflicting and contradictory statements to the officers. None of them mentioned having picked up hitchhikers. Later they said they had picked up one hitchhiker and again they had picked up three Mexican boys. It was in evidence that an automobile belonging to Tapia had previously been con-

fiscated when it was found to contain marihuana cigarettes. On appeal the court pointed out that the marihuana was under the immediate and exclusive dominion and control of defendants. In each of these cases it was held there was legally sufficient evidence to support the conviction of possession.

To justify a conviction in any case on a charge of possession, it is necessary to prove that the accused knew of the presence of the forbidden substance and that the same was under his control. In the present case it was necessary for the state to prove either that the marihuana belonged to defendant or had been left in his care by someone else.

Guilty knowledge is not presumed. It has to be established by evidence. In a sense it can be said that one has possession of everything that is contained in the home or apartment in which he lives but this is not the sense in which ''possession'' is used in the penal statute. In all the cases we have examined in which conviction was upheld there was some incriminating statement or circumstance in addition to the presence of marihuana or narcotic which indicated knowledge of the defendant of its presence and his control of it. We have mentioned some of the circumstances that were present in the above cases and no doubt there are many others which would justify a court or jury in concluding that the accused had knowledge of the presence of the substance and control of it.

It has been said in a civil case, *People* v. *One 1940 Chrysler,* 77 Cal.App.2d 306, 314 [175 P.2d 585] : ''We think the true rule is that when narcotics are found concealed in or about an automobile, at least where such automobile is in the possession of the owner or his entrustee, the trial court may infer knowledge on the part of the owner. Such facts are sufficient to cast the burden of going forward with an explanation on the owner.'' This was said in a case where a woman entrusted with a car, unlocked it, entered it in the company of a sailor, was apprehended by officers, who searched the car and found marihuana cigarettes under the rubber floor mat in front of the driver's seat and where the owner of the car had previously been convicted of a felony for the sale of marihuana. The question was whether either the owner of the car or his entrustee, the woman, was shown to have had exclusive control of it and its contents. The court held the evidence to be sufficient to prove possession of the cigarettes. The fact that the owner had previously been

convicted of the sale of marihuana was, of course, a circumstance which lent support to the trial court's finding of possession. Also, there was evidence of exclusive possession of the car by the owner and his entrustee. ▋ Exclusive control and dominion over a car found to contain a narcotic is, of course, a potent circumstance on the question of possession of its contents.

Upon the other hand, when there has not been exclusive possession of a car, the presence in it of marihuana cigarettes while the owner is seated in it with a friend, has been held insufficient to prove possession by the owner of the substance in the absence of any statement by him or any circumstance tending to prove his knowledge of its presence. The headnote to *People* v. *Bledsoe,* 75 Cal.App.2d 862 [171 P.2d 950], states the case as follows: "In a prosecution for possession of marihuana in violation of Health & Saf. Code, § 11160, the evidence failed to show defendant's knowledge of the presence of the drug to justify a finding of 'knowledge' to satisfy the terms of the statute, where it appeared that the automobile in which the drug was found had been used by another in the perpetration of a robbery in another city, that defendant had not used the car since it had been returned, and that others beside him had occupied the car at the time of and immediately following the arrest." The conviction was reversed for "the failure of the state to prove the essential elements of the crime." After quoting from *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433], to the effect that knowledge of the presence of the object is an element of the offense of possession, the court said in the Bledsoe case: "All the authorities upon which respondent relies, and which are reviewed in the Gory case, contained some evidence from which the inference could be 'fairly' drawn that the defendant had knowledge of the 'existence' of the drug at the place where it was found. Here there is no such evidence, and though the suspicion may be great, the evidence fails to prove the essential element of knowledge mentioned in the Gory case." The court did not hold, as intimated in *People* v. *One 1940 Chrysler,* 77 Cal.App.2d 306, at 315, *supra,* that the trial court, in the Bledsoe case, had to believe the testimony of the defendant as to his lack of knowledge of the presence of the cigarettes. It held only that the state had failed to prove facts from which such knowledge could fairly be inferred.

In the present case the only comment on the evidence made

by the court was: "The Court doesn't believe that the defendants have been frank with the Court." Antista was found guilty, and the court said: "The Court is going to give the benefit of a reasonable doubt to the defendant Rivers and find her not guilty." The fact that the court was not satisfied beyond a reasonable doubt that defendant Rivers had possession of the marihuana was an insufficient reason for finding that Antista had possession of it. Even if the court believed that both defendant and Miss Rivers had not told all they knew about the marihuana, this would not have supplied the affirmative evidence of knowledge of its presence which the state was required to produce.

Our opinion takes into consideration a set of facts that are unique. Defendant was not shown to be a user of marihuana or narcotics or to have had any connection with them. He consistently denied knowledge of the marihuana. He did not have the exclusive use of his apartment. Miss Rivers, a user of narcotics, for no explained reason, frequently came to the apartment. Upon the important question whether Antista had exclusive use of the apartment, the evidence was the others came in to watch television and that the apartment was available for their use whether defendant was present or absent. Miss Rivers and Poocho had entered during defendant's absence. Miss Rivers evidently had a key. At the time of her arrest she had a dress and a coat on a clothes rack in a bedroom adjacent to the living room. She was wearing slippers but not stockings; she had borrowed defendant's car, which she had been using, and had left it parked in front of the apartment with her shoes in it. She had spent the previous night in the apartment. She had known Antista for about seven months; she had been in the apartment from time to time and she corroborated defendant's testimony that friends were accustomed to come to the apartment to watch fights on television. Someone had been smoking marihuana cigarettes in defendant's apartment. The marihuana undoubtedly belonged to the smoker or smokers. It was hidden from sight, part of it in a cupboard in an unused room, part inside a closed and unused radio cabinet. The material might have been placed there by defendant or it might have been placed there by someone else who chose those locations for the reason that it would be readily accessible and defendant would not be likely to find it. If the marihuana belonged to defendant he had possession of it, and he likewise would have had possession of it if it belonged to someone else and

had been left in his care. But if it belonged to someone else who intended to use it and therefore retained control and dominion over it, and if defendant had no intention to make any use of it he would not have had legal possession of it even though it was in his apartment. There was no evidence that either the leaves or the cigarette butts were in the apartment before Miss Rivers and Poocho entered it the day of the arrest. ■ Although someone was guilty of possession, the mere fact that defendant, while disclaiming knowledge of the presence of the substance, was unable to produce evidence that it belonged to someone else was not, under the circumstances, evidence that it belonged to him.

■ The case of the state was incomplete in that there was insufficient evidence of knowledge on the part of the defendant. The fact that defendant's denial of knowledge may not have been convincing to the court did not supply the missing element. Defendant did not have the burden of establishing lack of knowledge. The burden was on the state to prove facts from which knowledge could fairly be inferred. It may be that evidence that defendant had substantially exclusive access to the apartment would have been sufficient. The evidence of the state established that others, also, had access. It may be that a false explanation of the presence of the marihuana, or conflicting statements of the defendant, would have been sufficient. If the substance had been found in the personal effects of the defendant that would have been a potent circumstance indicating knowledge of its presence, ownership and control. Such is the nature of the circumstantial evidence found in many of the cases. But we believe no precedent will be found for the affirmance of a conviction in the absence of some comparable circumstances.

■ We hold that if it is established that one accused of possession returned to his apartment, or to his automobile, and found it occupied by a user of narcotics, and a narcotic was found in it, and if there is no evidence that it was there before that time, the fact of its presence, without any other fact or circumstance of an incriminating nature, is legally insufficient to prove a charge of possession.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.