Howard Lee BROWN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15713.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

Benjamin P. Abney, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Howard Lee Brown, hereinafter referred to as defendant Brown, was convicted of Possession of Marihuana along with co-defendants Robert Scott Reser and Eugene Raymond Osburn in the District Court of Tulsa County, Case No. CRF–69–1357. Judgment and sentence was imposed on October 28, 1969, sentencing defendant to three (3) years imprisonment and this appeal perfected therefrom.

On August 21, 1969, at about 4 o'clock P.M., four police officers went to a garage apartment on South Quaker Street in Tulsa County, with a search warrant for the premises. Receiving no answer to their knock, the officers entered the unlocked apartment and conducted a search. Twenty-five minutes or so after the search began, defendants Brown and Reser walked into the apartment. Upon police inquiry as to why they were there, Reser stated that he lived at the residence. Fifteen minutes thereafter defendant Osburn arrived. Still later a girl, identifying herself as Nita Rutherford, without knocking, entered while the officers were still present. All were arrested.

Items belonging to Osburn and Reser were found in the apartment. No clothing or personal effects of defendant Brown were found in the premises. The three defendants were not under the influence of drugs or alcohol. No marihuana or other unlawful drugs were found on the persons of the defendants. The officers found a small stem near the door on the floor, a pipe ,with some residue in it, residue in an ash tray, and two pieces of tinfoil con-

taining green vegetation. The stem, residue, and vegetation proved to be marihuana in a total amount of four grams.

Reser had been staying at the apartment, which belonged to Osburn, for three days before the search. Brown, who had an apartment elsewhere, did not stay in the apartment during Reser's stay except the day of the search. On that day Reser came in about 8 o'clock A.M., from being out all night, saw Brown asleep on the bed, and went to sleep in his sleeping bag on the floor. Reser awakened about 3 o'clock P.M., and went with Brown to a restaurant. Upon their return, the search was under way. Reser testified he did not see any marihuana in the apartment.

Leann Casebeer testified she and Danny Stewart entered the unlocked apartment on the preceeding evening, August 20th, looking for Reser but found no one present. She later found Reser elsewhere that night and they remained together until 8 o'clock A.M. the next morning. She and Reser did not go into the apartment during this period. Miss Casebeer also denied seeing any marihuana in the apartment. The evidence indicates the apartment was never locked and was frequented by several persons at various times.

Defendant contends the evidence is insufficient to sustain the verdict and the trial court committed error in overruling defendant's demurrer. We agree.

■ Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed. United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); Fitzpatrick v. United States, 410 F.2d 513 (5th Cir.1969). Mere proximity is insufficient. By its very nature, possession is unique to the possessor and it is not enough to place him in the presence of other persons having possession to impart possession to him. Commonwealth v. Reece, 437 Pa. 422, 263 A.2d 463, 466 (1970).

■ It is true that exclusive possession is not necessary where the parties jointly

possess a drug and possession may be proven by circumstantial evidence. Patterson v. State, Okl.Cr., 403 P.2d 515 (1965). However, it cannot be inferred from merely being present in a place where marihuana is found that the defendant had knowledge of its presence and had dominion and control. There must be additional evidence of knowledge and control to sustain a conviction.

■ Under similar facts the defendant's conviction for possession of marihuana found in his apartment was reversed for insufficient evidence of knowledge in People v. Antista, 129 Cal.App.2d 47, 276 P.2d 177 (1954). Although there was no question that the apartment belonged to Antista, the Court emphasized that defendant did not have exclusive use of the apartment, noting that others came in and used it whether defendant was present or absent. The Court said:

"To justify a conviction in any case on a charge of possession, it is necessary to prove that the accused knew of the presence of the forbidden substance and that the same was under his control. In the present case it was necessary for the state to prove either that the marihuana belonged to defendant or had been left in his care by someone else. Guilty knowledge is not presumed. It has to be established by evidence. In a sense it can be said that one has possession of everything that is contained in the home or apartment in which he lives but this is not the sense in which 'possession' is used in the penal statute. In all the cases we have examined in which conviction was upheld there was some incriminating statement or circumstance in addition to the presence of marihuana or narcotic which indicated knowledge of the defendant of its presence and his control of it. * * *" 276 P.2d at 179.

"* * *

"* * * Defendant did not have the burden of establishing lack of knowledge. The burden was on the state to prove

facts from which knowledge could fairly be inferred. * * * " 276 P.2d at 181.

In another similar fact situation the defendant's conviction for possession of marihuana found in the apartment he shared with another was reversed for insufficient evidence of knowledge on defendant's part in Petty v. People, 447 P.2d 217 (Colo.1968). The court held:

"[W]here a person is in possession, but not exclusive possession, of the premises, it may not be inferred that he knew of the presence of marijuana there and had control of it unless there are statements or other circumstances tending to buttress the inference. Evans v. United States, 9 Cir., 257 F.2d 121; People v. Antista, 129 Cal.App.2d 47, 276 P.2d 177. Similarly, joint possession cannot be established by the fact that the defendant is or has been in the company of one having possession of the substance in the absence of an additional independent factor linking the defendant with it. State v. Faircloth, 181 Neb. 333, 148 N.W.2d 187; State v. Hunt, 91 Ariz. 149, 370 P.2d 642; Carroll v. State, 90 Ariz. 411, 368 P.2d 649. These rules lend specificity to the general rule expressed in Gonzales v. People, supra, and other Colorado decisions that, when the evidence in a case is wholly circumstantial, the trial judge must be satisfied that it excludes every reasonable hypothesis of innocence before he can submit it to the jury." 447 P.2d at 220.

This same rule was applied in Culmore v. State, 447 S.W.2d 915 (Tex.Cr.App. 1969), where the Texas Court of Criminal Appeals reversed the defendant's conviction for possession of marihuana found in another person's house where defendant was visiting at the time of the search holding the evidence of defendant's control to be insufficient. The Court in *Culmore* reiterated that a conviction on circumstantial evidence cannot be sustained if the proof does not exclude every other reasonable hypothesis except that of guilt; and "proof amounting only to a strong

suspicion or mere probability is insufficient." This Court adheres to the same rule regarding circumstantial evidence. Williams v. State, Okl.Cr., 478 P.2d 359 (1970).

Other jurisdictions have also held that joint possession of premises where drugs are found is insufficient to convict for possession of the drugs. Markman v. State, 210 So.2d 486 (Fla.App.1968). These jurisdictions have held that "knowledge of the drugs' presence on the premises and the ability to maintain control over them by the accused *will not be inferred* but must be established by proof." Frank v. State, 199 So.2d 117, at 120 (Fla.App.1967). State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960). "Mere presence" or close proximity is not possession. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962). United States v. Myers (Court of Military Appeals 1971). The Tennessee Court of Criminal Appeals ruled the evidence insufficient to prove possession where the marihuana was found in plain view on the floor near defendant's feet and on top of a table in an apartment belonging to another where defendant was visiting. Dishman v. State, 460 S.W.2d 855 (Tenn.1970).

Returning to the facts in the instant case, the evidence merely establishes defendant Brown's presence in the apartment on the morning before the search and his return while the search was in progress. It is clear that defendant Brown did not have exclusive use or possession of the apartment; nor did defendants Reser and Osburn who were staying there. The evidence establishes that the apartment "door was always unlocked," and that several persons entered the unlocked apartment when no one was present. Guilty knowledge and control cannot be presumed. Defendant did not have the burden of establishing lack of knowledge or control. There must be some link or circumstance in addition to the presence of the marihuana which indicates defendant Brown's knowledge of its presence and his control of it. Absent this additional independent factor the evidence is insufficient to support con-

viction. There is no additional factor or circumstance in the evidence indicating defendant Brown's knowledge or control of the marihuana. Thus, the evidence does not exclude every other reasonable hypothesis except guilt required to convict by circumstantial evidence.

Accordingly, the judgment and sentence must be reversed. And, unless additional evidence can be presented by the state showing defendant Brown's knowledge and control of the marihuana, as specifically set forth in the above opinion, it is the further order that this charge be dismissed.

Reversed with instructions.

BUSSEY, P. J., and BRETT, J., concur.