Robert Scott RESER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15716.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

Ward, Brown & Perrault, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in Error, Robert Scott Reser, hereinafter referred to as defendant, was convicted of Possession of Marihuana, along with Howard Lee Brown and Eugene Raymond Osburn, in the District Court of Tulsa County, Oklahoma, Case No. CRF–69–1357. Judgment and sentence was imposed on October 28, 1969, sentencing defendant to three (3) years imprisonment and this appeal was perfected therefrom. This is a companion case to Brown v. State, Okl.Cr., 481 P.2d 475 (1971). In that appeal Brown's conviction was reversed.

On August 21, 1969, at about 4:00 o'clock p. m., four police officers went to a garage apartment on South Quaker Street in Tulsa, Oklahoma, with a search warrant for the premises. Receiving no answer to their knock, the officers entered the unlocked apartment and conducted a search. Twenty-five minutes or so after the search began, defendant Reser and Howard Brown walked into the apartment. Upon police inquiry, as to why they were there, defendant and Brown stated that they lived at the residence. Fifteen minutes later Osburn, who rented the apartment, arrived. Still a few minutes later a girl, identifying herself as Nita Rutherford, entered without knocking, while the officers were still present. All were arrested.

Items belonging to Osburn and Reser were found in the apartment, but no clothing or personal effects of Howard Brown were found on the premises. The three defendants were not under the influence of drugs or alcohol. No marihuana or other unlawful drugs were found on the persons of the defendants. The officers

found a small plant stem near the door on the floor, a pipe with some residue in it, residue in an ash tray, and two pieces of tin-foil containing green vegetation. The stem, residue, and vegetation proved to be marihuana in a total amount of four grams.

Defendant testified that he stayed at the apartment three days but the night preceding the search he was out all night with Leann Casebeer, and returned to the apartment early Thursday morning when he went to bed. The apartment belonged to Eugene Osburn. Brown, who had an apartment elsewhere, did not stay in the apartment during the time defendant was there, except for the day of the search. On that day defendant Reser came in about 8:00 o'clock a. m. He saw Brown asleep on the bed, so he went to sleep in his sleeping bag on the floor. Defendant awakened about 3:00 o'clock p. m., and went with Brown to a restaurant. Upon their return, the police officers were searching the apartment. Defendant testified he did not see any marihuana in the apartment.

Leann Casebeer testified that she and Danny Stewart entered the unlocked apartment on the preceding evening, August 20th, looking for defendant Reser, but they found no one present. She later found Reser elsewhere that night, and they remained together until 8:00 o'clock a. m., the next morning. She and Reser did not go into the apartment during this period. Miss Casebeer also denied seeing any marihuana in the apartment. The evidence indicates the apartment was never locked and was frequented by several persons at various times.

Defendant contends the evidence is insufficient to sustain the verdict and the trial court committed error in overruling defendant's demurrer. We agree.

This Court stated in Brown v. State, *supra,* wherein authorities are cited: Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed; and, mere proximity is insufficient. By its very nature, possession is unique to the possessor and it is not enough to place him in the presence of other persons having possession to impart possession to him. See: Commonwealth v. Reece, 437 Pa. 422, 263 A.2d 463, 467 (1970); People v. Antista, 129 Cal.App.2d 47, 276 P.2d 177, 181 (1954); United States v. Romano, et al., 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); and, Fitzpatrick v. United States, 410 F.2d 513 (5th Cir. 1969).

It cannot be inferred from merely being present in a place where marihuana is found that the defendant had knowledge of its presence and had dominion and control. There must be additional evidence of knowledge and control to sustain a conviction. The record is clear that this defendant was a transient occupant, along with others who freely used the unlocked apartment. He accounted for his whereabouts on the night before the search was made and no connection between the marihuana and this defendant was shown to exist. After a careful review of the record we conclude any guilt on behalf of defendant is reached by inference only, which is not sufficient.

Therefore, for the same reasons given in Brown v. State, *supra,* this conviction must be reversed. It is so ordered.

BUSSEY, P. J., and NIX, J., concur.