Eugene Raymond OSBURN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–15751.

Court of Criminal Appeals of Oklahoma.

May 10, 1972.

Curtis A. Parks, Public Defender, for appellant.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge.

Appellant, Eugene Raymond Osburn, hereinafter referred to as defendant, was convicted of Possession of Marihuana in the District Court of Tulsa County, Case No. CRF–69–1357. He was sentenced to four (4) years imprisonment.

At an earlier trial this defendant stood trial with two co-defendants, Robert Scott Reser and Howard Lee Brown, who were convicted for the offense of Possession of Marihuana, but at the conclusion of that trial this defendant was granted a new trial for the reason that the state had failed to prove possession of the marihuana on his part.[1] At the second trial the defendant stood trial alone, defended by the public defender. In addition to the three officers, the state offered the testimony of Carolyn Hand and Paula Kunui, who did not testify at the first trial. This conviction must be reversed for the same reason he was granted a new trial at the conclusion of his first trial.

On August 21, 1969, at about 4 o'clock p. m., four police officers went to a garage apartment rented by defendant on South Quaker Street in Tulsa County, with a search warrant for the premises. Receiving no answer to their knock, the officers entered the unlocked apartment and conducted a search. Twenty-five minutes or so after the search began, co-defendants Brown and Reser walked into the apartment. Upon police inquiry as to why they were there, Reser stated that he lived at the residence. Fifteen minutes thereafter defendant Osburn arrived. Still later, a girl identifying herself as Nita Rutherford, without knocking, entered while the officers were still present. All were arrested.

Items belonging to defendant Osburn and co-defendant Reser were found in the apartment. No clothing or personal effects of Howard Brown were found in the premises. The police officers testified that none of the three men were under the influence of drugs or alcohol, nor was any marihuana or other unlawful drugs found on the person of any of them. The officers found a small stem near the door on the floor, a pipe with some residue in it, residue in an ash tray, and two pieces of tinfoil containing green vegetation. The stem, residue, and vegetation proved to be marihuana in a total amount of four grams. The state's first witness was Miss Carolyn Hand, who testified that she was sixteen years old and had run away from the Girl's Training School at Tecumseh, Oklahoma; that she lived with friends in a house behind the Osburn garage apartment and frequently went to the apartment; that the door was never locked because the lock did not work. She related that on the evening of August 20, 1969, at about eleven o'clock p.m. she went to Osburn's apartment to see if there was anyone there. When she arrived at the apartment there were several men and one or two girls sitting on the floor talking. She said that no one was smoking when she was there; and after staying a few minutes she left and went to bed. On the following day she went to Osburn's apartment about five o'clock p. m. When she arrived at the apartment the officers and the three men were there. She identified herself to the officers as being Nita Rutherford, but she was later identified as being Carolyn Hand.

---

1. See: Brown v. State, Okl.Cr., 481 P.2d 475 (1971); and Reser v. State, Okl.Cr., 488 P.2d 929 (1971).

Next, Paula Kunui testified that she went to the apartment on the evening of August 20th with Miss Donna DeWeese. That both of them had taken some of Paula's reducing pills prior to going to Osburn's apartment. She related that there were five or six boys there and three girls, but that she saw none smoking; and when she and Donna left the house, Donna DeWeese had some marihuana in her possession. On cross-examination this witness was not certain whether defendant was there when she arrived, or whether he arrived later; but she stated that she saw him there during the time she and Donna were there. She testified that she didn't know where the plastic bag came from that Donna had. She and Donna left Osburn's apartment after about an hour and went to some park.

Officer Richard N. Dick testified concerning the search of defendant's apartment on August 21st, with the aid of a search warrant. He was accompanied by Officers Charles Jones, Cal Williams, and Rex Webb. They arrived at the apartment about four o'clock p.m. and found the apartment empty and the door unlocked. He described how they found the marihuana, photographed it and what generally transpired. After they had been there about twenty-five minutes, Howard Lee Brown and Robert Scott Reser arrived, both of whom stated they lived there. Officer Dick related that the defendant arrived at the apartment about four thirty-five o'clock p.m.; that he informed defendant that he was under arrest and showed him the search warrant; that defendant gave his right name, age, and where he worked, and admitted that he rented the apartment. The officer also stated that defendant was wearing his Texaco Service Station shirt and denim pants, and that defendant told him he had been gone from the apartment since early that morning. From the testimony it appears that the defendant denied that the marihuana was his, or that he had any knowledge of it.

Officer Cal Williams testified to essentially the same facts related by Officer Dick, except that he related hearing the defendant state words to the effect that the police officers had brought marihuana to the apartment and planted it. However, defendant was said to have later stated that his remark was misunderstood. The impact of this testimony also indicates defendant's denial of the marihuana.

Dr. Homer Spencer related how he verified the marihuana and the tests he used in making that verification. And the last state's witness was Officer Charlie Jones, who added certain testimony concerning the issuance of the search warrant; otherwise, his testimony was substantially the same as that of Officer Dick who had previously testified.

At the conclusion of the state's case the defendant demurred to the evidence, which was overruled. The defendant did not testify, nor offer any witnesses in his defense. The jury was instructed and being unable to reach a decision as to punishment left the punishment to be imposed by the trial judge. After receiving a pre-sentence report, the trial judge imposed sentence of four (4) years confinement under the direction and control of the State Department of Corrections.

It appears from the testimony offered that defendant consistently denied that the marihuana was his. The apartment was open to numerous other persons, and numerous other persons frequented it. Therefore, the question to be settled in this appeal is: Did the state prove that the defendant had possession of the marihuana? This Court has held that proof of "possession" requires proof that the accused person had knowledge that the contraband was where it was found; and that he had control over the substance. In this appeal the defendant contends that he had neither knowledge or control over the marihuana; and, that the evidence is insufficient to sustain the jury's verdict. Defendant also asserts that the trial court should have sustained his demurrer to the evidence.

In the companion case, Brown v. State, supra, this Court held that possession means more than just being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed; and, that mere proximity is insufficient proof of possession. That decision cites as authority: United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L. Ed.2d 210 (1965); and Fitzpatrick v. United States, 410 F.2d 513 (5th Cir. 1969), which quotes from Commonwealth v. Reece, 437 Pa. 422, 263 A.2d 463, 466, (1970). In Commonwealth v. Reece, the Pennsylvania Supreme Court stated: By its very nature, possession is unique to the possessor and it is not enough to place him in the presence of other persons having possession to impart possession to him.

A case very similar to the instant one was People v. Antista, 129 Cal.App.2d 47, 276 P.2d 177, (1954). In that case, Antista rented the apartment, but various people were shown to come to the apartment to watch television during the evenings; Salome Rivers had spent the previous night in the apartment, and when the officer entered, he found her on the bed and a man named Poocho sitting along side of her. The officer's search of the apartment revealed marihuana hidden in several different places in the apartment. Antista denied that he had any knowledge of the presence of the marihuana.

In reversing the conviction in People v. Antista, supra, the California Supreme Court said:

"To justify a conviction in any case on a charge of possession, it is necessary to prove that the accused knew of the presence of the forbidden substance and that the same was under his control. In the present case it was necessary for the state to prove either that the marihuana belonged to defendant or had been left in his care by someone else. Guilty knowledge is not presumed."

In this case defendant contends the evidence does not contain that required proof, and that the trial court committed error in overruling defendant's demurrer. We agree. As defendant asserts in this appeal, the defendant's demurrer should have been sustained because of the insufficiency of proof of defendant's knowledge of the presence of the marihuana. Defendant did not maintain exclusive occupancy of the apartment in that it was open to any of his other friends. The burden is not on defendant to prove lack of knowledge. That burden is on the state to prove sufficient facts from which knowledge could fairly be inferred. A false explanation of the presence of the marihuana, or conflicting statements of defendant, might have been those circumstances which, if added to the facts, may have warranted such inference. Or, if marihuana had been found on defendant's person, such would have been a potent circumstance, indicating knowledge of its presence in the apartment, ownership and control. But such are not the facts in this case.

Viewing the prosecution's evidence in the most favorable light to the state, it proved: (1) Marihuana was found in the defendant's apartment; (2) The apartment was rented to the defendant; (3) The apartment was left unlocked; (4) Numerous friends of the defendant frequented the apartment, including Brown and Reser who slept there the night before the search; (5) The defendant denied knowledge of the marihuana; (6) He was not under the influence of marihuana, and none was found on his person when he was arrested; (7) He had been gone from the apartment all day and was dressed in his working clothes. The record is completely devoid of any proof whatsoever clearly showing that the defendant had knowledge, control or possession of the marihuana. Such facts were left to be inferred by the jury. In Petty v. People, 167 Colo. 240, 447 P.2d 217 (1968), the Colorado Supreme Court held:

"Where person is in possession, but not exclusive possession, of premises, it may not be inferred that he knew of presence of marijuana there and had control of

its unless there are statements or other circumstances tending to buttress inference." paragraph 5, syllabus.

As stated herein before, the record before this Court does not reflect those circumstances required to buttress such inference.

We therefore hold that the evidence was insufficient to prove defendant's knowledge of the presence of the marihuana in the apartment, and ownership and control over it, to sustain a conviction for possession; therefore defendant's demurrer to the evidence should have been sustained in the trial court; and for the reasons stated herein, this conviction is reversed.

It is so ordered.

BUSSEY and SIMMS, JJ., concur.