**Darrell Glen McBRIDE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17194.**

Court of Criminal Appeals of Oklahoma.

Feb. 22, 1973.

Lloyd Payton, and Bill H. Jones, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., and Mike Jackson, Legal Intern, for appellee.

### OPINION

BAILEY, Assigned Judge:

Appellant, Darrell Glen McBride, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Muskogee County, Oklahoma, for the offense of Possession of Marijuana, Case No. CRF–71–8. His punishment was fixed at one (1) year imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on January 3, 1971, two officers of the Muskogee Police Department, Danny Vinzant and Gary Cameron, received information through an informant, one Sherman Jewel, that a quantity of marijuana would be brought into Muskogee at the Continental Bus Station and the informant had made arrangements to purchase the marijuana. On January 4, 1971, Officers Vinzant and Cameron, informant Jewel, and Officer J. L. Brown, a Tulsa Police Officer, went to the bus station and concealed themselves with the intent of waiting until the informant made the purchase and thereafter arrest the sellers.

At approximately 9:00 P.M., four individuals entered the east door of the bus station, one of the individuals was the defendant. The other three persons were Ronnie and Melvin McBride, brothers of the defendant, and Evelyn Edens, wife of Melvin McBride. Upon entering the bus station, defendant went directly to the restroom and either Melvin or Ronnie placed a brown paper bag in a luggage locker. Thereafter, Melvin and Ronnie, the informant, and the Tulsa Police Officer went into the cafe section of the bus station and had a conversation. Melvin and Ronnie then went to the locker and removed the paper bag and set it down on the front row of the passenger seats. The informant made several trips back and forth from the cafe to the group in the main part of the bus station. The defendant sometime during this time, joined his brothers in the main part of the bus station. Thereafter, all of the group left the bus station by the east entrance. Melvin or Ronnie was carrying the brown paper bag, and they and Evelyn Edens crossed the street with the informant to the southwest corner of the intersection, while the defendant had

continued to the northeast corner of the intersection and was some fifteen to twenty yards to the east of his brothers. Believing the sell was complete, Officers Cameron and Vinzant left the bus station and arrested the four individuals. The contents of the brown paper bag were later identified by the Oklahoma Crime Bureau to be marijuana.

At the trial, the State offered three witnesses, Officer Vinzant, Officer Cameron, and a chemist from the Oklahoma Crime Bureau. The defendant offered no evidence in his behalf.

Defendant's first proposition asserts that the trial court erred in failing to sustain the defendant's demurrer to the evidence at the close of the State's evidence for the reason that there was insufficient evidence on behalf of the State to indicate that the defendant was ever in possession or had dominion or control over the marijuana. We agree.

This Court in the case of Brown v. State, Okl.Cr., 481 P.2d 475 (1971), held in the following paragraphs of the syllabus:

"1. To convict for unlawful possession of marihuana it is necessary to prove that the accused knew of the presence of the marihuana and that the same was under his control and dominion.

"2. Possession may be proved by circumstantial evidence, but a conviction on circumstantial evidence cannot be sustained if the proof does not exclude every other reasonable hypothesis except that of guilt; and proof amounting only to a strong suspicion or mere probability is insufficient.

\*    \*    \*    \*    \*    \*

"4. Joint possession cannot be established by the fact the defendant is or has been in the company of one having possession of the marihuana in the absence of additional independent factors linking defendant with it.

"5. The defendant does not have the burden of establishing lack of knowledge and control as the burden is on the state to prove facts from which knowledge and control can be shown independent of mere proximity to marihuana."

Also, see Reser v. State, Okl.Cr., 488 P.2d 929 (1971); Frazier v. State, Okl.Cr., 488 P.2d 613 (1971); and Sturgeon v. State, Okl.Cr., 483 P.2d 335 (1971).

The State's evidence in the instant case, taken in its most favorable light, indicates nothing more than that the defendant was in the presence of other persons having possession. Absent any evidence of knowledge or control of marijuana on defendant's part, we are of the opinion that the evidence in the instant case is insufficient to support conviction.

We are therefore of the opinion that the judgment and sentence should be reversed and, unless the State can produce additional evidence showing defendant's knowledge and control of the marijuana, it is the further order of this Court that the charge be dismissed.