Jerry Don LAMER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17657.

Court of Criminal Appeals of Oklahoma.

March 20, 1973.

Rehearing Denied April 6, 1973.

Stipe, Gossett, Stipe & Harper, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

BUSSEY, Judge:

Appellant, Jerry Don Lamer, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Case No. CRF–71–2899, for the crime of Possession of a Controlled, Dangerous Substance (Marihuana), After Former Conviction of a Felony. He was sentenced to serve a term of six (6) years in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Prior to trial, a hearing was held on defendant's Motion to Suppress certain evidence found in a room at the Tower Motel, pursuant to a search warrant. The Motion was sustained. (This was not the Motion referred to in defendant's fourth proposition of error).

The State's evidence in chief consisted first of the testimony of Tommy Smith. Mr. Smith testified that defendant was staying in his motel using the name "John Shoury" on December 4, 1971. Smith also testified that he saw other persons go in and out of the room frequently, but that everyone he saw had to knock on the door in order to gain entrance. Further testimony by Smith revealed that defendant checked out of the motel on December 4, 1971, and that upon going to the defendant's former room, he found "a green, leafy substance and numerous seeds * * * *" and a hypodermic needle. Smith further testified that he saw defendant walking toward the Tower Motel and that he gave defendant's description to Police Sergeant Taylor.

The State's next witness was Evelyn Langham, manager of the Tower Motel. She testified that the defendant registered at her motel under the name of "Gary Prophet"; and there are no telephones in any of the rooms at the motel; that everyone staying at the motel had to use the pay telephone outside of her office; that she was present at the time of arrest; and that it was getting dark at that time.

The State's next witness was Officer Jim Taylor. Officer Taylor testified that he answered a call to the Petite Motel at 3:35 p.m. on December 4, 1971; that he searched the defendant's former room with Smith's permission; that he found a green, leafy substance; and that he got a description of the defendant.

Officer Hubert Green testified for the State that at 7:10 p.m. on December 4, 1971, he went looking at the Tower Motel for a person of defendant's description; that he observed defendant in a telephone booth outside the motel; that defendant stepped out of the phone booth, observed the police unit, and stepped back into the booth as if to make more calls; that he observed defendant "drop an article on the floor of the phone booth"; and that he had, by information from the dispatcher, knowledge of the "possible commission of a felony." Officer Green also testified that he arrested the defendant without an arrest warrant; that when defendant stepped out of the phone booth he found a "plastic bag containing a green, leafy substance on the floor of the phone booth"; and that while booking the defendant, he found "a powdery substance," in the right pocket of the coat he was wearing.

The State had two chemists testify, John McAuliff and Don Flynt, who verified that the green, leafy substance and the powdery substance found in the motel room, on the floor of the phone booth, and in the defendant's coat pocket, were marihuana.

The only witness to testify for the defense was the defendant, Jerry Don Lamer. Lamer testified that he checked into the Tower Motel under the name of "Gary Prophet" on December 4, 1971; that the reason for using that name was that he had been staying at the Petite Motel with a girl whom he had just met, who had some friends about whom he had suspicions; and that he did not want these people bothering him. Lamer also testified that he never saw anyone smoke or possess anything that resembled marihuana at the motel room. Lamer further testified that he was using the telephone booth in an attempt to call another girlfriend with whom he had been having problems; that he started to leave the booth, but decided to try to call the girl's mother in an effort to reach here there; that he then made some more calls trying to locate her; and that these various numbers were written on matchbook covers which he kept in his coat pocket. Lamer stated that he did not drop a bag containing a green, leafy substance, and that he purchased the coat that he was wearing from a man he knew only as "Wild Willie," approximately four to six weeks prior to his arrest.

As the first proposition, defendant urges that the evidence is insufficient to sustain a conviction for possession due to the State's failure to prove that defendant had knowledge that the contraband was where it was found and that defendant had control over the substance.

For this contention, defendant relies mainly on Brown v. State, Okl.Cr., 481 P. 2d 475 (1971). In *Brown, supra,* the court held that where a person is present in the premises where marihuana is found, but does not have exclusive access, use, or possession of the premises, it may not be inferred that he had knowledge of the presence of marihuana and had control of it, "unless there are additional independent factors showing his knowledge and control."

The defendant also cites Osburn v. State, Okl.Cr., 497 P.2d 471 (1972), in which the court said that possession involves the exercise of dominion and control over the thing allegedly possessed and the burden is on the State to prove sufficient facts from which knowledge could fairly be inferred.

■ It appears from the facts of the trial that the State sustained the burden as required in *Brown, supra.* There were "additional independent factors showing his knowledge and control." On searching the defendant's former room at the Tower Motel, Officer Taylor found "a green leafy substance and numerous seeds * * *", which were later identified by two state chemists as marihuana.

The case of *Osburn, supra,* can be distinguished from the instant case, on its facts. The evidence in *Osburn* indicated that the door of the apartment in question was always unlocked and several persons besides the defendant frequently went in and out of the apartment so that the defendant did not have exclusive possession, control, access, or use. In the instant case the evidence indicates that defendant's door was always locked and that in order to enter the room, visitors were forced to knock to gain entrance.

Defendant's assertion that the fact that an article was found in the telephone booth was insufficient to show defendant's possession, is overcome by the additional evidence of the marihuana found in defendant's room, coupled with the evidence that the officer saw the defendant drop an article in the telephone booth which, when recovered by the officer, was identified as marihuana.

■ Defendant's second contention is that the evidence is insufficient to sustain a conviction because a conviction on circumstantial evidence cannot be sustained if the proof does not exclude every other reasonable hypothesis except that of guilt. We agree with defendant's assertion of the law, but find that the evidence in this case, although circumstantial, is inconsistent with any other reasonable hypothesis but that the defendant was guilty beyond a reasonable doubt and that each fact and circumstance is consistent with each other and inconsistent with a finding of innocence.

It is next contended by defendant that the evidence is insufficient to sustain a conviction because the State has failed to meet its burden of proof as to guilty knowledge.

As previously stated, the evidence, although circumstantial, is ample to support the finding of guilt. The circumstances are likewise of such a nature from which his guilty intent may be inferred.

■ The defendant's fourth contention is that the defendant's Motion to Suppress should have been sustained because the warrantless arrest of the defendant was unlawful and therefore the fruits of any search attendant thereto are unlawful.

We disagree. There is ample information communicated to the officer that defendant had been the occupant of a room in which marihuana had been found; the officer saw the defendant drop an article containing marihuana. This was an offense committed in his presence and neither the marihuana found in the room, nor the marihuana found in the phone booth, were obtained by a search of the defendant, but rather were seized in areas in which a search warrant was not required.

When the officer seized the article in the phone booth containing marihuana, sufficient grounds existed for placing the defendant under arrest, and his subsequent search, after being placed under arrest, at the police station, where additional marihuana was found, was a search incident to a lawful arrest.

■ The defendant's fifth proposition urges that the evidence taken from the room formerly occupied by the defendant, was an unlawful search and seizure. In Abel v. United States, 362 U.S. 217, 80 S. Ct. 683, 4 L.Ed.2d 668, it was held that a warrantless search of the hotel room from which the defendant had checked out was not an unlawful search and the evidence obtained by such search was admissible.

■ It is lastly contended that the trial court erred in refusing to admit a letter from the District Attorney to defendant's former employer, the Charles Hearn Company, advising him of the defendant's first conviction for marihuana. It is defense counsel's contention that this was evidence of harassment by the District Attorney and the refusal of the trial court to admit such evidence was prejudicial. We are of the opinion that the letter offered by the defense was not germane to any issue in the case and did not tend to prove or disprove defendant's guilt or innocence and that the court properly refused to admit it into evidence.

For all of the above and foregoing reasons in which we find none of defendant's contentions to have merit, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, Judge (concurring, in part, dissenting in part):

I believe the punishment is excessive.

Rehearing Denied April 11, 1973.