David MASSENGALE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–425.

Court of Criminal Appeals of Oklahoma.

Nov. 2, 1976.

John C. Mackey, Lawton, (Court-appointed), for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Toby Mash, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, David Massengale, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Comanche County, Case No. CRF–75–295, for the offense of Possession of Marijuana with Intent to Distribute, in violation of 63 O.S.1971, § 2–401. His punishment was fixed at five (5) years' imprisonment and a fine of One Thousand Dollars ($1,000.-00), and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Gregory Clift testified that on April 5, 1975, he was employed as a police officer for the Lawton Police Department; that at approximately 10:30 p. m. he observed a red 1970 Cadillac with an expired license tag. He stopped the vehicle, which was driven by the defendant. The vehicle contained two passengers, Rondon and Kenne. He asked the defendant for his drivers license and was informed that defendant had left it at the base. Defendant stated that he was the owner of the vehicle. Clift called a wrecker to impound the car because of the expired license tag. Prior to the arrival of the wrecker, he conducted an inventory of the contents of the car and found an open brown bag under the front seat containing ten baggies of a green leafy substance. He also found, laying on top of the baggies, a military prescription bottle with defendant's name thereon. He testified that the front seat was covered with particles of the green leafy substance. He placed the ten plastic baggies in an evidence envelope, marked as State's Exhibit No. 1, and subsequently submitted the envelope to the forensic chemist.

William Caveny testified that he was employed as a forensic chemist for the Oklahoma State Bureau of Investigation; that he examined the contents of the ten baggies contained in State's Exhibit No. 1, and found that each bag contained marijuana.

For the defense, Richard Keene testified that he was with the defendant on the morning in question; that he did not see any marijuana in defendant's vehicle.

Orlondo Rondon testified that he was with the defendant when they were stopped on the morning of April 5th. He did not see any marijuana in the defendant's car prior to being stopped.

Lieutenant Jerry Butler testified that he acted as the back-up unit to Officer Clift on the morning in question; that Officer Clift conducted an inventory of the vehicle and found a brown paper sack containing baggies of marijuana. He did not observe a prescription bottle in the paper sack.

Officer Clift was recalled and testified that his arrest report did not mention the prescription bottle found in the brown sack.

Thomas Mockmore testified that the defendant enjoyed a good reputation in the military community.

Defendant testified that the marijuana was not his and that he did not have any knowledge that it was present in his car; that he and Rondon had picked up a couple of girls the previous night and rode around.

■ Defendant first asserts that the verdict of the jury and the judgment and sentence of the court are not supported by the evidence. Defendant argues that mere presence of an accused in a place where marijuana is found is not sufficient to prove knowledge and control. We concur with defendant's contention; however, we are of the opinion that the State's evidence adduced more than mere presence of the defendant in a place where marijuana was found. The evidence reflected that the marijuana was found under the front seat of defendant's car in a paper sack. A prescription bottle containing pills prescribed to the defendant was found in the sack. Particles of marijuana were found scattered over the front seat of the car except where the defendant was seated. We, thus, conclude that the evidence, although circumstantial, was sufficient to submit the question of knowledge and control to the jury. See *Lamer v. State,* Okl.Cr., 508 P. 2d 665 (1973).

■ Defendant next argues under this assignment of error, that there was not sufficient evidence to show an intent to distribute the marijuana. Considering the number of baggies found, we are of the opinion that the question of intent was properly presented to the jury. In *Davis v. State,* Okl.Cr., 514 P.2d 1195 (1973), we stated:

"In the instant case there was sufficient circumstantial evidence of specific intent, i. e. the amount and the individually packaged units, properly to present the case to the jury. Therefore, the trial court did not err . . . ."

■ Defendant next contends, in his second assignment of error, that the trial court erred in failing to give an instruction on the lesser included offense of Possession of Marijuana. The record does not reflect that defendant requested such an instruction, nor did the defendant object to the trial court's failure to give an instruction on mere possession of marijuana. Dealing with a similar assignment of error in *McKee v. State,* Okl.Cr., 531 P.2d 343 (1975), we stated:

". . . We have consistently held that it is the duty and privilege of defense counsel, as an officer of the court, to aid the trial judge in preventing error by offering objections to improper instructions and submitting proposed instructions to the court. Where the record is void of objections and instructions are not submitted by counsel, the issue has not been preserved for review by this Court. *Kidd v. State,* Okl.Cr., 462 P.2d 281 (1969).

"In his second proposition of error, counsel argues that the trial judge should have instructed the jury on possession of marijuana as a lesser included offense. We disagree with counsel's assertion. The State's evidence presented

at trial, if believed, showed defendant guilty of the crime of Unlawful Distribution of Marijuana and nothing less. The defendant's testimony, if believed, showed that he merely happened to be where the action was, without knowledge of the presence of marijuana and without control or dominion over the substance. Such evidence will not support a conviction for Possession of Marijuana. *Brown v. State,* Okl.Cr., 481 P.2d 475 (1971). . . ."

■ Defendant asserts, in his third assignment of error, that he was denied his right to a fair and impartial trial by virtue of prejudicial remarks made by the prosecuting attorney during the voir dire. The record reflects that the following transpired during the voir dire examination by the prosecuting attorney:

"Q. Is there any reason known to you, unknown to us at this time why you would not be a fair and impartial juror?

"A. Possibly.

"Q. Okay. What is that reason?

"A. My Junior while in Viet Nam tripped out on LSD, resulting in later in State of Texas—

"Q. Flashback?

"A. Uh-huh. I do have some strong feelings.

"Q. Okay. Let me ask you, am I correct in saying that your feelings go two ways—one, you hate drugs; and two, you're worried about young kids on drugs?

"A. I'm afraid I'm biased." [Tr. 27]

The record does not reflect that the defendant objected to the prosecutor's questions. The juror was immediately thereafter excused for cause. We are of the opinion that the prosecuting attorney's remarks do not constitute fundamental error

in view of defendant's failure to object to the remarks and failure to show prejudice by such remarks. See *Jones v. State,* Okl. Cr., 508 P.2d 280 (1973).

■ Defendant contends, in his fourth assignment of error, that the trial court erred in allowing prejudicial, incompetent testimony by the forensic chemist concerning the manner in which the marijuana was packaged. Defendant does not support this assignment of error with citation of authority. We have consistently held that an accused must not only assert error, but must support his contentions by both argument and citations of authority; where this is not done, and it is apparent that defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court erred. *Sandefur v. State,* Okl.Cr., 461 P. 2d 954 (1969).

■ Defendant finally contends that the sentence imposed, under all the facts and circumstances of the case, is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and that this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. We are of the opinion that the sentence of five years does not shock the conscience of this Court; however, the record reflects that the defendant is an indigent and is represented by court-appointed counsel. The judgment and sentence is, therefore, modified to reflect a term of five (5) years' imprisonment, and as so *MODIFIED,* the judgment and sentence is *AFFIRMED.*

BRETT, P. J., and BLISS, J., concur.