Johnny Albert BURNETT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–812.

Court of Criminal Appeals of Oklahoma.

Aug. 18, 1988.

Thomas A. Williams, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Johnny Albert Burnett, in Case No. CRF-83-100 in the District Court of Marshall County, was charged with Possession of a Controlled Dangerous Substance With Intent to Distribute in violation of 63 O.S.1981, § 2-401(B). He was tried by a jury and sentenced to ten (10) years' imprisonment and a five thousand dollar ($5,000.00) fine. From this judgment and sentence, he appeals.

On August 25, 1984, Jimmy and Patricia Morgan agreed to sell $8,400.00 worth of Methamphetamine to buyers, who, although unknown to them, were actually agents with the Oklahoma Bureau of Narcotics (OSBN), Wes Hearon and John Guyton. At trial, the State introduced evidence, although somewhat in conflict, to show that the drugs had been supplied by William Dick Burnett and appellant. This evidence was provided through the testimony of Patricia and Jimmy Morgan who also testified that the attempted sale had taken place pursuant to a plan whereby they and the Burnetts were to meet at the Sand Bass Motel. The Burnetts rented two rooms at the motel and gave the Morgans the key to room 6, in which the drugs were placed, so that the Morgans could show the drugs to the prospective buyers who were the OSBN agents. The Burnetts watched the transaction from the other room. When the buyers arrived, Patricia Morgan took Agent Hearon to room 6 and showed him the drugs. They then went back to the buyer's van where Jimmy Morgan was waiting with Agent Guyton. At that time, the Agents arrested the Morgans. They then went to room 11 and arrested the Burnetts.

Appellant first contends that his conviction was based upon the insufficiently corroborated testimony of accomplices in contravention of the requirements set forth in 22 O.S.1981, § 742. In this case, there was independent evidence that connected appellant with commission of the crime. *See Hager v. State,* 665 P.2d 319, 323 (Okl. Cr.1983). The motel owner, Mr. Williams, testified that appellant had rented room 6 on the night of the arrest; room 6 was the room where the drugs were later found. Agent Hearon and Mr. Whittington, an Ardmore police officer, testified they saw appellant and his brother at the Sand Bass Motel at the time that the transaction took place. We find this testimony does more than raise a suspicion of guilt, it sufficiently connects the appellant with the commission of the crime. *See Howard v. State,* 561 P.2d 125 (Okl.Cr.1977). This evidence gave sufficient corroboration to the Morgans' testimony for the jury to consider it. *See Frye v. State,* 606 P.2d 599 (Okl.Cr. 1980).

Appellant further asserts that the trial court erroneously allowed the accomplices to corroborate each other's testimony. Although the testimony in question did in effect consist of mutual corroboration, there was also independent corroborating testimony. The jury was permitted to hear the Morgans' testimony of the Burnetts' surveillance of the drug transaction. Appellant quoting from *Jackson v. State,* 12 Okl.Cr. 446, 158 P. 292 (1916) states: "The State cannot put on the witness stand two witnesses of equal credibility, one of whom barely makes a case, and another which exonerates the accused and contend for a conviction." However, the record does not support the application of the *Jackson* rule in this case. Although there were some inconsistencies in Jimmy and Patricia Morgans' testimony, it was not entirely contradictory, nor did it exonerate appellant.

Appellant asserts that there was no evidence that he was ever in possession of the drugs and cites *Brown v. State,* 481 P.2d 475 (Okl.Cr.1971). The court in *Brown* stated that possession involves the exercise of dominion and control over the thing allegedly possessed. However, exclusive possession is not necessary and joint possession can be proven by circumstantial evidence. The court went on to

say that joint possession cannot be inferred from a defendant's presence where the drug was found; there must be additional evidence of the defendant's knowledge and control. *Id.*

In this case, appellant did not have exclusive possession of the drugs; he was involved, however, as a joint possessor. Appellant was on the premises at the time of the transaction and he had rented the room where the drugs were found. These facts provide sufficient evidence that appellant had knowledge of the drugs and joint control.

■ In his second proposition, appellant claims that the magistrate committed error in binding him over for trial. At preliminary hearing the State does not need to present evidence sufficient for a conviction at trial. The State only needs to show that a crime was committed and that there is reasonable cause to believe that the defendant committed it. Where the record shows there was competent evidence on these issues, the decision of the trial court will not be disturbed on appeal. *Jones v. State*, 660 P.2d 634 (Okl.Cr.1983). Upon review of this record, we find that the magistrate had reasonable cause to believe that appellant had been closely involved in the drug transaction and was properly bound over for trial.

Appellant asserts in his third assignment of error that the trial court's conduct prejudiced him. He contends the jury was able to hear an off-the-record discussion at the bench and that the Judge's comments and tone of voice caused the jury to be unsympathetic toward him. We find appellant's speculations to be unsupported by evidence. Furthermore, the record indicates that no objection was made as to the court's comments at the time of trial. Therefore, absent fundamental error, this issue was not properly preserved for review by this Court.

■ The fourth assignment of error asserts that the State's evidence was contradictory and will not support a conviction. The evidence and credibility of witnesses is to be judged exclusively by the jury. *Ellis v. State*, 651 P.2d 1057 (Okl.Cr.1982). Our review of the record reflects that there was sufficient competent evidence on which the jury could have based their decision. See *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985). Therefore, we will not disturb the jury's verdict on this proposition of error.

■ Appellant, in his fifth proposition of error, has stated that the court erred by permitting a violation of its own order which materially prejudiced appellant and that the court erred in not requiring defense counsel to divulge a potential conflict of interest.

By order the trial court directed the prosecutor to notify the defense attorney of any plea negotiations and the date and time of any pleas made by the Morgans. The record reflects that the Morgans pled guilty on April 17, 1984, and appellant's counsel was not notified until that afternoon which was two days before trial. Appellant has presented no evidence to show that the negotiations with the Morgans actually took place at a time other than that testified to. Accordingly, appellant has not shown that prejudice resulted or that the State was not in compliance with the requirements of the order.

■ As to the contention that appellant was denied effective assistance of counsel because the Morgans' attorney at preliminary hearing served later as counsel for appellant at trial, we find no showing that counsel actively represented conflicting interests so as to warrant a reversal. The Supreme Court has held that when an objection has not been made at trial, an appellant must establish that an actual conflict of interest adversely affected the lawyer's performance. They have further held that the mere possibility of a conflict of interest is not sufficient to reverse a criminal conviction. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). This Court applied *Cuyler* to a case similar to this one and found that appellant had shown nothing on which the court could base a finding that an actual conflict of interest had adversely affected the lawyer's performance. *Sheppard v. State*, 670 P.2d 604 (Okl.Cr.1983).

In his sixth assignment of error, appellant objects to the disparity of sentences between appellant and the Morgans. The jury set appellant's sentence, and the Morgans pled guilty and were sentenced by the court. When questioning the excessiveness of punishment, determination is to be made by looking at the facts and circumstances of each case. This Court will not modify a sentence unless it is so excessive that it shocks the conscience of the Court. *McWilliams v. State*, 743 P.2d 666 (Okl.Cr. 1987). In light of the facts presented, we cannot say that there was not adequate evidence to sentence appellant to ten (10) years' imprisonment and a five-thousand dollar ($5,000.00) fine which is the maximum punishment allowed for the crime charged. 63 O.S.1981, § 2–401(B).

The final assignment of error asserts that the trial court improperly overruled appellant's motion for a new trial. Appellant alleges that the State knew that Jimmy Morgan had a record but did not divulge this to him. He speculates that if the jury had known about Mr. Morgan's prior record, they would have inferred from his testimony that he was falsely implicating appellant and cooperating with the prosecution merely to avoid having his parole revoked. Thus, appellant contends that the court committed prejudicial error by not allowing the jury to have the benefit of this knowledge.

In *Runnels v. State*, 562 P.2d 932 (Okl. Cr.1977), this Court used a three-part test to determine if a defendant has been denied due process of law: (1) was a key portion of the State's case presented at trial with information concealed which would affect its credibility; (2) did the prosecution have reason to know of the concealment, and (3) was the trier of fact unable to properly evaluate the case as a result of the concealment?

Although the prosecution may be said to have concealed information that it had reason to know about and that could have had some impact on the credibility of the witness, we find that due process was not violated by this failure by the State to disclose this information. In light of the fact that the jury was aware of the Morgans' part in the drug transaction and that Jimmy Morgan was vigorously cross-examined as to his reasons for pleading guilty, we find no prejudice.

Therefore, the judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Although I concur, I cannot join that portion of the majority opinion, regarding appellant's final assignment of error, to the extent it can be read to hold that the prosecution concealed Mr. Morgan's prior conviction for armed robbery in Texas in 1974. Appellant has not cited any portion of the record to show that the prosecutor had knowledge of Mr. Morgan's previous conviction prior to or during trial. *See Rules of the Court of Criminal Appeals*, Rule 3.5(A)(5), 22 O.S.1981, Ch. 18, App. Absent record support that the prosecutor knowingly failed to divulge the prior conviction of a key witness, appellant's claim must be rejected.