Joseph Daniel Red **HOLT**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15270.

Court of Criminal Appeals of Oklahoma.

May 20, 1970.

Mac Oyler, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Joseph Daniel "Red" Holt, hereinafter referred to as defendant, was tried and convicted by a jury for the crime of Receiving Stolen Property After Former Conviction of a Felony, in the District Court of Oklahoma County; Case No. 34550. Judgment and sentence was imposed on October 28, 1968, in accord with the jury verdict sentencing defendant to five years imprisonment.

The evidence upon which the conviction is based concerned a refrigerator sold by Frigidaire Sales Corporation, Oklahoma City, to Masters Appliance, Hollis, Oklahoma, and picked up by agents of Joe Hodges Transportation for transportation to Altus, Oklahoma. A claim agent for the transportation company testified no one was given permission to take or receive the refrigerator, that they had the model numbers of several refrigerators being shipped in this cargo, but that he had no personal knowledge of this particular refrigerator being loaded for shipment from Oklahoma City. The refrigerator in question was found at defendant's residence in Oklahoma City on November 10, 1967, by officers while executing a search warrant.

Defendant contends that the court erred in overruling his Motion to Suppress evidence resulting from the search of defendant's residence on November 10, 1967, because the affidavit supporting the issuance of the search warrant was constitutionally defective and because of "staleness of probable cause" as the informant's tip was received three to four weeks before the warrant was issued. Defendant's Motion to Suppress was overruled by the trial court after a hearing on September 17, 1968, at which time the officer who signed the affidavit or complaint for search warrant was examined. (CM 42).

In essence, the affidavit[1] states that the property described therein is stolen and is concealed at a particularly described residence, and that "The above information furnished officers by reliable informant, who has personal knowledge of above described personal property and location." No further details are given concerning the reliability of the information or informant's credibility.

In Leonard v. State, Okl.Cr., 453 P.2d 257, on April 9, 1969, this Court reversed and remanded with instructions to dismiss the defendant's July 10th, 1968 conviction based on evidence obtained by a constitutionally defective affidavit for search warrant issued October 10, 1967. This Court in Leonard applied the United States Supreme Court's January 27th, 1969 decision

---

1. The affidavit is reproduced in full in the Appendix to this opinion. We observe, incidentally, that the affidavit is a form with the printed notation "Stolen Property—Secs. 2877 and 2879, Comp L Okla.1921." Such a vintage form might be in need of revision in keeping with subsequent developments in the law.

in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and held:

" * * * [A]n affidavit for a search warrant must contain information sufficient to comply with one of the following requirements, either

(a) Under oath, the officer must swear that he has personally observed contraband, or articles to be seized, upon certain described premises, detailing to such a degree the minute particulars of these observations sufficient to support an arrest without a warrant, or to show the probability that contraband, or items used in the commission of crime, or fruits of crime, are on the described premises; or

($b_1$) If based upon hearsay information of a reliable informant, it must contain positive language, under oath, setting forth in detail why the informant is deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliable, and should further set forth in detail whether the informant, himself, observed the violation, or the presence of contraband or articles to be seized, upon upon the premises; or

($b_2$) Under certain circumstances a reliable informant may base his statements that contraband is located on certain described premises if the affiant discloses that the belief of the reliable informant is based upon an admission of one of the principals maintaining or keeping such contraband on the premises.

2. It is permissible to supply the minute details not contained within the affidavit relating to the basis of the informer's source of information and knowledge together with facts supporting his reliability, by establishing that oral details were disclosed to the magistrate by the affiant sufficient to warrant a finding of probable cause prior to the issuance of the search warrant. * * *

3. When the affidavit for the warrant is challenged, however, the supporting information provided the magistrate in addition to the affidavit, must be shown to have been communicated to the magistrate prior to the issuance of the warrant. * * *

4. Affidavits for search warrants not meeting one of the requisites set forth above, are insufficient to form the foundation for the issuance of a search warrant."

■ We are of the opinion that the affidavit or complaint for search warrant in the instant case fails to comply with the *Spinelli* standard or express requirements announced by this Court in *Leonard*. The officer did not swear that he had "personally observed" the contraband on the premises, but rather relied upon information supplied by a "reliable informant." The affidavit is void of "positive language under oath" setting forth why the informant is deemed reliable or that would allow the magistrate to determine that the informant is reliable. Nor is there language that the informant's tip is "based upon an admission of one of the principals" of the purported crime. Furthermore, the evidence of the hearing on defendant's Motion to Suppress where the officer signing the affidavit testified, does not disclose additional information supplied the magistrate of "minute details" supporting the informant's reliability or otherwise "establishing that oral details were disclosed to the magistrate by the affiant sufficient to warrant a finding of probable cause." In short, probable cause was lacking.

■ Accordingly, the affidavit for search warrant does not meet the requirements set out in Leonard v. State, supra, and is insufficient to form the foundation for the issuance of the search warrant. We therefore hold that the Motion to Suppress should have been sustained and the evidence obtained from the search should not have been admitted in the trial. In view of this holding, it is unnecessary to treat the other issues raised by defendant,

as absent this vital evidence, a conviction cannot be maintained.

For the reasons above set forth, the judgment and sentence in Oklahoma County District Court Case No. 34550, is reversed and remanded with instructions to dismiss.

BRETT, P. J., and NIX, J., concur.

## APPENDIX

COMPLAINT FOR SEARCH WARRANT—Stolen Property—Secs. 2877 and 2879, Comp L Okla. 1921

| | |
|---|---|
| THE STATE OF OKLAHOMA, Plaintiff. vs. JOSEPH DANIEL HOLT, Defendant. | IN THE DISTRICT COURT BEFORE BOSTON W. SMITH, DISTRICT JUDGE, in Oklahoma City, Oklahoma |

FRANK BRADY being duly sworn upon oath says:

First that the property hereinafter described has been stolen;

\* \* \* \* \* \* \* \* \* \* \*

Third, is in the possession of the above named defendant, who intends to use it as a means of committing a public offense, to-wit: the crime of CONCEALING STOLEN PROPERTY

Frigidaire refrigerator, Serial #82RD3901, Wurtzlitzer Piano Model #1117, Serial #949688, Wurtzlitzer Piano Model #2030, Serial #957945, Maytag Washing Machine Serial #337175BY, Maytag Dryer, Serial #673675BY, Hoffman Television Serial #4022542.

(a particular description of property on above lines)

all of the aggregate value of $500.00 which property belongs to LEEWAY MOTOR FREIGHT, INC. JOE HODGES TRANSPORTING CORPORATION, TRAILER #1436 and affiant knows that said property is concealed in One story brick residence, attached garage, located at 3125 Berkshire Way, Village, Oklahoma County, Oklahoma. The above information furnished Officers by reliable informant, who has personal knowledge of above described personal property and location.

(a particular description of place to be searched on above lines)

Wherefore affiant prays that a search warrant be issued directed to any proper officer and that said premises be searched for above described property according to law.

/s/ Frank Brady

Subscribed and sworn to before me, this 10 day of November, 1967.

/s/ Boston W. Smith
District Judge