Thomas Charles STURGEON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15599.

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack S. Pratt, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Thomas Charles Sturgeon, hereinafter referred to as "defendant", was convicted by jury verdict in the District Court of Oklahoma County for Unlawful Possession of Narcotics, Case No. CRF–69–1141, with punishment fixed at three (3) years imprisonment. Judgment and sentence was imposed on September 9, 1969, and this appeal perfected therefrom.

The evidence shows that on May 26, 1969, at approximately 2:00 A.M., two Oklahoma City Police Officers, pursuant to a search warrant, entered a room at an Oklahoma City motel. The officers found defendant asleep in the room and upon searching, located in a shoe some capsules containing heroin.

The evidence further showed that there were two pairs of shoes in the room; that the room was registered to a Frankie Chiles; and that another man named Leon Coffee came to the room during the search, ran away, and while being chased by the officers, threw some marihuana on to the roof of the motel.

The defendant denied knowledge of the narcotics testifying that he lived with his wife in Norman, Oklahoma, and had gone to the motel room to visit some friends. Coffee, Chiles, and two girls had been in the room when defendant went to sleep. Defendant testified that the shoe in which the narcotics were found did not belong to him.

It is the defendant's first contention that the failure to sustain his motion to suppress was error as the evidence was obtained by an illegal search and seizure as the affidavit for the search warrant was defective under the standards set forth in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and Leonard v. State, Okl.Cr., 453 P.2d 257 (1969).

The affidavit and application for search warrant by the police officer asserts that John and or Mary Doe had narcotic drugs and or marihuana in Room 15 of the Chief Motel and states in relevant part:

"Affiant further states that he has received information from a confidential informant who has heretofore proved to be reliable; that narcotics are being kept

and sold in and from this room. The informant has been to this room and has personally seen the narcotics used and sold in his presence. Affiant further states that he has personally observed known narcotics users entering and leaving this room.

Affiant further states that the informant has advised that there are narcotics in this room at this time."

The magistrate issuing the warrant testified that no evidence was offered to him in addition to or in support of the affidavit and application for the search warrant.

In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the United States Supreme Court held:

"* * * [T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, *and* some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.'" 378 U.S. at 114, 84 S.Ct. 1514. (Emphasis added)

In Spinelli v. United States, supra, the United States Supreme Court stated that the affidavit for search warrant in *Aguilar* was inadequate for two reasons, stating the second reason as follows:

"Second, the affiant-officers did not attempt to support their claim that their informant was 'credible' or his information 'reliable.'"

Finding the affidavit presented in *Spinelli* inadequate, the Court added:

"Though the affiant swore that his confidant was 'reliable,' he offered the magistrate no reason in support of this conclusion." 393 U.S. at 416, 89 S.Ct. at 589.

■ In view of Spinelli v. United States, supra, this Court in Leonard v. State, supra, set forth the following rule:

"[I]f based upon hearsay information of a reliable informant, it [affidavit for search warrant] must contain positive language, under oath, setting forth in detail why the informant is deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliable; *and should further* set forth in detail whether the informant, himself, observed the violation, or the presence of contraband, articles used in the commission of crime, or fruits of crime, upon the premises. If this is not done, we are advised in Spinelli, the warrant should not issue. If the warrant, however, is issued and contraband forming the foundation of a subsequent criminal prosecution is seized, we are advised by Spinelli that the admission of such contraband into evidence constitutes reversible error." 453 P.2d 259.

Relying upon the *Leonard* rule, this Court found the affidavit insufficient in Holt v. State, Okl.Cr., 471 P.2d 957, holding:

"An affidavit for search warrant based only on information obtained from a 'reliable informant' standing alone without a basis to determine reliability of the information or credibility of informant is insufficient to allow a neutral magistrate to determine probable cause necessary to issue a warrant." 471 P.2d at 957.

■ To rephrase the *Leonard* requirement, the affidavit must detail why the informant is deemed reliable plus detailing whether the informant personally observed the violation or contraband. The affidavit in the instant case recites informant observed contraband, but contains no details as to why the informant is deemed reliable which would enable the magistrate to judicially determine whether the informant was in fact reliable. *Leonard*, supra, also provides that matters not stated in the affidavit may be presented to the magistrate. However, no such details were presented to the magistrate before he issued the warrant. Accordingly, we find the affidavit defective under the requirements of Leonard v. State, supra, and thus the evidence obtained thereby was inadmissible.

■ Independent of the question of a defective affidavit for search warrant, we

find the evidence was insufficient to support a guilty verdict. In Brown v. State, Okl.Cr., 481 P.2d 475 (1971) this Court held:

"1. To convict for unlawful possession of marihuana it is necessary to prove that the accused knew of the presence of the marihuana and that the same was under his control and dominion.

2. Possession may be proved by circumstantial evidence, but a conviction on circumstantial evidence cannot be sustained if the proof does not exclude every other reasonable hypothesis except that of guilt; and proof amounting only to a strong suspicion or mere probability is insufficient.

3. Where a person is present in premises where marihuana is found, but does not have exclusive access, use, or possession of the premises, it may not be inferred that he had knowledge of the presence of marihuana and had control of it unless there are additional independent factors showing his knowledge and control.

4. Joint possession cannot be established by the fact the defendant is or has been in the company of one having possession of the marihuana in the absence of additional independent factors linking defendant with it.

5. The defendant does not have the burden of establishing lack of knowledge and control as the burden is on the state to prove facts from which knowledge and control can be shown independent of mere proximity to marihuana."

Although Brown v. State, supra, involved marihuana, the same rule of law applies in the instant case where an unlawful drug was found in premises not occupied exclusively by the defendant absent additional independent factors showing defendant's knowledge and control. The evidence indicates the drug was found in a shoe belonging to someone other than defendant. There was no indication defendant was under the influence of drugs or otherwise connected with the drug found. The evi-

dence was circumstantial and does not exclude every reasonable hypothesis except that of guilt.

Accordingly, the evidence is insufficient to support conviction and the judgment and sentence must be reversed for this reason.

Reversed and remanded with instructions to dismiss.

BRETT, J., concurs.

BUSSEY, Presiding Judge (Specially Concurring).

I agree that the case must be reversed because of the illegal search and seizure.