James Ray EMBREE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15455.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

Tom A. Lucas, Norman, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Joe H. Humphrey, Dist. Atty., Sixth Dist., for defendant in error.

NIX, Judge:

Plaintiff in error, James Ray Embree, hereinafter referred to as defendant, was tried and convicted by jury verdict for the crime of Possession of Marihuana in the District Court of Stephens County, Case No. 69-10, with punishment fixed at Three Years imprisonment. Judgment and sentence was imposed on May 9, 1969, in accord with the verdict, and this appeal perfected therefrom.

The evidence establishes that on January 21, 1969, at approximately 2:30 P.M., the defendant was observed at the A & W Root Beer Stand in Duncan, Oklahoma, by two Duncan police officers who parked their car near where defendant was seated in his parked car. One of the officers went over to the defendant and without a warrant placed him under arrest for Possession of Marihuana. After the arrest, the officer remained in defendant's car while defendant finished a hamburger. Then the defendant accompanied by officer, drove his car, followed by the other officer, to his mother's house and then on to the county court house where defendant was booked; after which defendant's car remained parked at the court house. Subsequently, the officers obtained a search warrant for defendant's car which was served on defendant and his mother, who had title to the car. Pursuant to the search warrant, the car was searched at about 5:00 P.M., revealing two hand-rolled marihuana cigarettes. It was this eivdence admitted over objection upon which defendant was convicted.

It is defendant's first contention that his arrest was unlawful. Secondly, the defendant contends the search was unlawful since the affidavit for warrant was legally inadequate to support issuance of the warrant. Thus, defendant argues that the evidence supporting his conviction was illegally obtained and rendered inadmissible.

As to the arrest, the Oklahoma Statutes provide that a peace officer may arrest without a warrant for an offense in his presence, on a charge made upon reasonable cause, or for a felony committed not in his presence when the officer "has reasonable cause for believing the person arrested to have committed it." 22 O.S.1961, § 196. In the instant case, there was no arrest warrant, and no charge had been filed against defendant,[1] and there was no offense visibly committed in the officer's presence. Thus, to be legal, the arrest was because the officer had reasonable cause for believing defendant had committed a felony.

Concerning such an arrest, this Court in Welch v. State, 30 Okl.Cr. 330, 236 P. 68, cited with approval this arrest standard:

"If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense had been committed, it is sufficient. * * * If a constable or other peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed, to render the arrest lawful; but if he suspects one on his own knowledge of facts; or upon facts communicated to him by others, and thereupon he

---

1. The preliminary information was sworn out and filed on January 22, 1969, the day after the arrest.

has reasonable ground to believe that the accused has been guilty of a felony, the arrest is not unlawful."

"But, as we have seen, good faith is not enough to constitute probable cause. That faith must be grounded on facts * * * which in the judgment of the court would make his faith reasonable." 236 P. at 70.

In Pamplin v. State, 21 Okl.Cr. 136, 205 P. 521 (1922), it was held:

"Even where officers or others have authority to make arrests upon belief that a felony has been committed, to claim protection under the law there must be reasonable and probable grounds for that belief. Belief without cause can never be an excuse for such action."

■ Thus, we must consider the facts relied upon as reasonable and probable grounds for the officers' belief that defendant had committed a felony. On defendant's motion to quash and suppress the evidence the arresting officer, when asked why he arrested the defendant, stated: "The reason I was looking for him was, or —information was he was involved in some house burglary and marihuana." The officers testified they did not see defendant do anything unusual or unlawful and that "everything was normal and legal." Thus, the sole basis, as disclosed by the record, for the arrest was the officers' information that defendant was "involved" in some marihuana. The burglary remark was disregarded. Such facts without more evidence do not constitute reasonable or probable cause for the belief that defendant had committed a felony. Such information is more akin to an investigative lead or tip than probable cause to believe defendant had committed a felony. The information was general in nature without specification as to when or where defendant was in possession and without indication as to the source. Therefore, the evidence does not support an arrest without a warrant.

■ However, an unlawful arrest does not affect the jurisdiction of the court, nor preclude defendant's trial, and is not grounds to quash the information. Harrison v. State, Okl.Cr., 461 P. 2d 1007. Accordingly, we must consider defendant's second contention that the search was unlawful rendering the evidence supporting conviction inadmissible. More precisely, was the affidavit for the search warrant legally competent to justify issuance.

■ In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the United States Supreme Court ruled that to be constitutionally competent an affidavit for search warrant based on information of a "reliable informant" must offer the magistrate reasons to support the claim of the informant and that his information is credible and reliable. This Court has stated the rule in Leonard v. State, Okl.Cr., 453 P.2d 257 (1969), and Sturgeon v. State, Okl.Cr., 483 P.2d 335 (1971), as follows:

"If based upon hearsay information of a reliable informant, it [affidavit for search warrant] must contain positive language, under oath, setting forth in detail why the informant is deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliable; *and should further* set forth in detail whether the informant, himself, observed the violation, or the presence of contraband, articles used in commission of crime, or fruits of crime, upon premises [to be searched]."

It was held in Holt v. State, Okl.Cr., 471 P.2d 957

"An affidavit for search warrant based only on information obtained from a 'reliable informant' standing alone without a basis to determine reliability of the information or credibility of informant is insufficient to allow a neutral magistrate to determine probable cause necessary to issue a warrant."

As stated in *Sturgeon,* supra,

"To rephrase the *Leonard* requirement, the affidavit must detail why the infor-

mant is deemed reliable plus detailing whether the informant personally observed the violation or contraband." 483 P.2d at 337.

■ The affidavit for search warrant in the instant case states in relevant part:

"That affiant knows, because he has been informed by a previously reliable informant that the informant personally has seen James Ray Embree in possession of various narcotics such as marihuana, LSD and types of amphetamines-barbiturate drugs, while Mr. Embree was in possession and operating the following vehicle, to-wit: a 1965 Chevrolet tudor Impala automobile, bearing serial number 163375A–165401 with 1968 Oklahoma License No. St–4422."

The affidavit is void of any basis to determine the reliability of the informant. No further information was orally related to the magistrate prior to his issuing the warrant which would supply the missing details as to why the informant is deemed reliable. Thus, the affidavit was insufficient and the issuing magistrate was without the constitutionally required evidence necessary to issue a lawful search warrant. Accordingly, the warrant was unlawful which renders the search pursuant thereto unlawful and the fruits thereof inadmissible.

The state makes the further argument that the search was authorized and lawful even if it had been executed without the warrant. We find this view untenable.

■ The state, in urging this position, cites Gaston v. State, Okl.Cr., 457 P.2d 807 (1969), which held: "From all the facts and circumstances, search was incident to a lawful arrest." Thus, *Gaston* does not support the state's view in the instant case, since we have found the arrest was unlawful and an unlawful arrest will not support a search incident thereto. Furthermore, the car search took place several hours after defendant's arrest and confinement. The search of the car without a warrant

was thus unlawful under the rule of Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964):

"Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is not incident to the arrest."

The state also suggests that a search of the car was lawful and not dependent on the warrant or arrest for validity based on the portion of Carroll v. United States, 267 U. S. 132, 45 S.Ct. 280, 69 L.Ed. 543, indicating that because of the nature of an automobile a search warrant is not always necessary even though an arrest is not involved. This, we feel, is an overstatement of *Carroll*. But, even so, Oklahoma has rejected any such interpretation or application. As stated in Brinegar v. State, 97 Okl.Cr. 299, 262 P.2d 464 (1953):

"* * * [The] rule whereby officers acting upon belief reasonably arising out of the circumstances known to the searching officers may search an automobile without a warrant, though followed in federal courts, and some state courts, is not applicable to prosecutions in the state courts of Oklahoma." 262 P.2d at 468.

In State v. Simpson, 91 Okl.Cr. 418, 219 P.2d 639 (1950), it was held:

"However, the principal contention of the state is that the officers acted upon a belief reasonably arising out of the circumstances known to the searching officers, that the automobile contained contraband whiskey, and that a search without a warrant upon such reasonable belief was valid. This is the probable cause rule followed in many decisions of the Federal Courts: Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 [citations omitted] * * *. Oklahoma does not follow the federal rule in this regard. * * *"

■ But, even under the application of Carroll suggested by the state, rejected by

this Court, there was in the instant case a lack of probable cause for a search just as there was no probable cause for an arrest. The information that "defendant was involved with marihuana" is wholly inadequate to rise to any reasonable meaning of probable cause. Aside from the failure to establish the informant as reliable or his information credible, the "involvement" of defendant is too vague and lacking in specifics of time and place to form probable cause to believe defendant was presently in possession of marihuana. Under the federal rule, the probable cause standard is the same whether it be for a magistrate issuing a warrant or officer making an arrest. As was held in Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

> "The standards applicable to the factual basis supporting the officer's probable cause assessment at the time of the challenged arrest and search are at least as stringent as the standards applied with respect to a magistrate's assessment. * * *"

To exhaust possible justification for seizure of the evidence, we note that it was not in clear view or plain sight. Further, its seizure would not have been lawful as a "police inventory" of an arrestee's property removing the Fourth Amendment requirements. Mozzetti v. Superior Court, 4 Cal. 3d 699, 94 Cal.Rptr. 412, 484 P.2d 84 (1971).

We, therefore, conclude that the arrest was unlawful and could not support a warrantless search, and that the search warrant was constitutionally defective. Accordingly, the search was unlawful and the evidence obtained thereby inadmissible. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Since without this essential evidence it is impossible to obtain a conviction, the judgment and sentence is reversed and remanded with instructions to dismiss.

BUSSEY, P. J., and BRETT, J., concur.