**Michael Jay BENNETT and Lawrence Robert Travis, Appellants,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–16776.**

Court of Criminal Appeals of Oklahoma.

March 13, 1973.

Eric J. Groves, Oklahoma City, for appellants.

Larry Derryberry, Atty. Gen., and Ray Naifeh, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellants, Michael Jay Bennett and Lawrence Robert Travis, hereinafter referred to as defendants, were charged, tried and convicted by jury in the District Court of Oklahoma County, Case No. CRF–70–2984, for the offense of Possession of Marijuana, a Felony. Defendants were sentenced to three (3) years and five (5) years respectively in the State Penitentiary at McAlester. From said judgment and sentences, defendants have made a timely appeal to this Court.

On the evening of October 12, 1970, Officers Colbert and Andrews of the Oklahoma City Police Department witnessed a late model Chevrolet make an improper lane change. The officers pursued and stopped the vehicle. Co-defendant Bennett, driver of the automobile, stepped from the vehicle and was requested by the officers to join them at the rear of the vehicle. Co-defendant Bennett was informed that he had committed a traffic violation and was asked for identification and was questioned as to the ownership of the automobile. Officer Andrews went to the passenger side of the automobile and requested the other occupant, co-defendant Travis, to step to the rear of the vehicle with the officers.

At this point, the officers began to make a frisk or pat-down search of the defendants. When Officer Andrews attempted to pat-down co-defendant Travis, Travis hit the officer's arm and informed the officer that he would not allow the officer to search him unless he was under arrest. Officer Andrews placed co-defendant Travis under arrest for interfering with a police officer and co-defendant Bennett was arrested on his traffic violation. The officers summoned the help of a cruiser to transport the defendants to the police station and about this time, Officer Andrews began an inventory search of the automobile.

At the preliminary hearing, Officer Colbert testified that the frisk or pat-down search of the defendants was to determine whether they were carrying any weapons with which they might use to flee or avoid arrest and that the officers had the right to search the immediate area of the defendants for weapons. It was Officer Colbert's statement at preliminary hearing that he did not know why Officer Andrews was searching the car, but thought that he might be searching the car for weapons.

At trial, Officer Andrews testified that he was making an inventory search of the automobile which was required for all automobiles which are being impounded.

The officer did not check any items in the trunk, but did find a small plastic bag of a green leafy substance which he supposed to be marijuana under the carpet on the passenger's side of the automobile. Officer Andrews continued his search of the automobile and found a small tin in the glove compartment of the automobile which contained several partially smoked cigarettes and a residue of a leafy substance which he also suspected to be marijuana. The green leafy substance and tin were taken from the automobile and later placed in evidence envelopes at police headquarters. Defendants Bennett and Travis were thereafter booked on the charge of possession of marijuana.

Defendants' first and second propositions of error alleges that the examining magistrate and the trial court improperly overruled the defendants' motion to suppress evidence unreasonably seized. These two propositions will be discussed together. Defendants cite a number of cases for authority in support of their propositions of error; only those of relevance to this particular case will be discussed. Of these cases all are distinguishable from the present action. In Fields v. State, Okl.Cr., 463 P.2d 1000 (1970), there was an arrest for no tag light which was later discovered to be a subterfuge to search the vehicle. In the present case, two misdemeanors were committed in the presence of Officers Colbert and Andrews. One for improper lane usage and the other for interfering with a police officer. There was a valid reason for stopping this vehicle where there was none in the Fields case. In Mozzetti v. Superior Court of Sacramento County, 4 Cal.3d 699, 94 Cal.Rptr. 412, 484 P.2d 84 (1971), the court dealt with an inventory search after an automobile accident where the defendant had been transported by ambulance to the hospital. The search and seizure of marijuana in that case was held invalid. Not because it was an inventory search, but because the search was extended beyond the limits of its intent. While the court held that in-

ventory searches were valid, they held this one was not because it exceeded the limits of an inventory search by the officers searching a closed suitcase in the backseat of the vehicle. In that case, Justice Burke in a concurring opinion stated:

"I concur with the result reached by the majority therein, for I agree that the opening of petitioner's suitcase and inspection of its contents constituted an unreasonable search, violating his reasonable expectation of privacy. (People v. Bradley, 1 Cal.3d 80, 84, 81 Cal.Rptr. 457, 460 P.2d 129; People v. Edwards, 71 Cal.2d 1096, 1104–1105, 80 Cal.Rptr. 633, 458 P.2d 713.) I would emphasize, however, that our decision in no way interferes with or impinges upon the customary authority of the police to inspect and inventory all items of personal property left in plain sight within an automobile or other vehicle in police custody."

The case of Embree v. State, Okl.Cr., 488 P.2d 588 (1971), is also cited, but is inapplicable because it deals with a search warrant and not a case involving a warrantless search of an automobile. Further, the case of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), is also not applicable because the search in the present case was not a search for weapons as the appellants' brief might lead the court to believe, but was an inventory search before impoundment of a vehicle.

 In this case, the arrest of each defendant was made as prescribed by statute, in that, the officers observed the commission of misdemeanors in their presence. One, the improper lane change, and two, that of interfering with a police officer. After arrest, it then became necessary for the officers to impound the vehicle in question for two reasons:

(1) The officers were on duty as motorcycle policemen, and having arrested the defendants, needed to transport them to police headquarters. They also called a wrecker to transport the car for impoundment so that it would not imperil

traffic or expose the vehicle and its contents to unauthorized persons.

(2) The ownership of the vehicle had been put in question by the conflicting statements of its ownership by both defendants, to the extent that the vehicle might have been the subject of larceny.

These *"specially attended circumstances"* warranted impounding of the vehicle and the *"good faith"* inventory search incident thereto was justified by the circumstances. The search and seizure of the vehicle was reasonable and not in violation of the defendants' constitutional rights against unreasonable searches.

 Defendants' third proposition of error alleges that the trial court erred in refusing to instruct the jury on law applicable to defendants' only defense. Defendants' theory of the defense was that the defendant Travis had no knowledge of the marijuana and because of that lack of knowledge could not be held for a conviction due to that lack of intent. The Court finds this proposition without merit. In the charge to the jury, the Court's Instruction No. 2 stated that in order to find the defendants guilty of the charges alleged, the defendants must have willfully, unlawfully and feloniously committed the crime of possession of marijuana. It would be impossible for the jury to have determined that the defendant Travis did willfully, unlawfully and feloniously commit this crime without an intent. We feel that the instructions of the court were sufficient and adequate and refer to the language of the first paragraph of the syllabus in Sharp v. State, Okl.Cr., 407 P.2d 593 (1965), we stated:

"All instructions given by the trial court should be considered on appeal and where they fairly and fully present issues involved and no fundamental error occurs whereby defendant has been prejudiced or deprived of substantial right, case will not be reversed on appeal."

 The defendants' fourth proposition of error alleges that the charge upon which the defendants were tried was impliedly repealed. The Court finds this proposition to be without merit for two reasons. One, the specific act to which the defendants refer is the Uniform Controlled Dangerous Substances Act of 1971. This Act was not made effective until September 1, 1971, and the defendants in this case were charged previous to the effective date of this Act. Secondly, no citation of authority appears in support of this proposition by the appellants in their brief on this appeal. As this Court has stated many times, we will not search the books for authorities to support plaintiffs' arguments. Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969). The evidence in this case does not reflect a reason for the discrepancy in the sentences given to each of the defendants and it is hereby the decision of this Court that the sentence of co-defendant Travis be modified to a term of three (3) years in the State Penitentiary and that the sentence of the defendant Bennett is hereby affirmed at a term of three (3) years in the State Penitentiary. The judgment and sentences as affirmed and modified, are hereby, affirmed.

BUSSEY, J., concurs.

BRETT, Judge (dissents):

I respectfully dissent, because the search and seizure was unlawful.