Joe SWBONI, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17963.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1973.

Charles V. Foor, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

## OPINION

PER CURIAM:

Appellant, Joe Swboni, hereinafter referred to as defendant, was convicted in the District Court of Pittsburg County, Case No. F–72–21, of six (6) counts of Larceny of Domestic Animals, his punishment was fixed at a total of eighteen (18) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The only question it is necessary to deal with in this appeal is the question of the sufficiency of the Affidavit for Search Warrant. Upon this affidavit a warrant issued to search the defendant's premises and as a result nineteen (19) head of cattle were confiscated, and ultimately evidence that seven (7) of these cattle had allegedly been stolen by the defendant was introduced at the trial. It is because of the denial of defendant's motion to suppress this evidence that the defendant now brings this appeal.

■ It is well established in this jurisdiction that an Affidavit for Search Warrant, if based on information from an informant must set forth not only that the informant is reliable, but must set forth the details supporting that statement. Leonard v. State, Okl.Cr., 453 P.2d 257, and Sturgeon v. State, Okl.Cr., 483 P.2d 335. Furthermore, the affidavit must:

" . . . set forth in detail whether the informant, himself, observed the violation, or the presence of contraband, articles used in commission of crime, or fruits of crime, upon premises [to be searched]." (Embree v. State, Okl.Cr., 488 P.2d 588)

In the case before us the affidavit did not comply with either of these two requirements. There were no details to indicate why the informant was reliable nor any details as to whether the informant had observed any criminal violation, contraband at the location searched, or had knowledge of any other concrete facts other than suspicions that the defendant possessed the allegedly stolen cattle. For this reason, the Affidavit for Search Warrant is insufficient on its face. It was therefore reversible error to admit evidence resulting from a seizure based on the insufficiently supported warrant.

The judgment and sentence appealed from is therefore reversed.