**Victor Val NEUROTH, Appellant**
**(Defendant below),**

v.

**STATE of Wyoming, Appellee**
**(Plaintiff below).**

**No. 4328.**

Supreme Court of Wyoming.

July 15, 1974.

Rehearing Denied Aug. 7, 1974.

―――――◆―――――

Edward P. Moriarity, of Urbigkit, Moriarity, Halle & Mackey, P. C., Cheyenne, for appellant.

Clarence A. Brimmer, Atty. Gen., and H. J. Arnieri, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the court.

This is an appeal from a conviction on a charge of being in possession of a controlled substance (marihuana) contrary to § 35–347.31, W.S.1957, 1973 Cum.Supp. In a criminal trial without a jury the district judge found the defendant guilty of the crime charged and sentenced him to a term in the county jail. As probable cause for the arrest of defendant, the complaint filed against him stated:

"The complaining witness, Sheriff of Platte County, in company with another officer, in executing a Search Warrant issued by Justice of the Peace Fred W. Berry, discovered several plastic bags of suspect marihuana in the residence of Victor V. Neuroth."

There is undisputed testimony in the case that the house in question had only one bedroom and was occupied and used by three occupants, i. e., Neuroth (the defendant), Sheryl Tumbleson; and Noah Gregory. These three took turns on use of the bed, but at times Gregory stayed with a friend. When all three were there, one used the bed, one used a sleeping bag, and one slept on a couch. There was no one room set aside for any of the three occupants. Their personal items were "all throughout the house." Rent had been paid by the defendant paying $25; Noah Gregory paying $20; and a Doug Gilmore, who formerly resided at the premises, paying $20. At the time the sheriff executed his search warrant, Neuroth was working in a steel mine at Sunrise, five or six miles from the house, which was in Guernsey.

The sheriff first went to the house here involved to inquire about some tires. The persons who came to the door were Sheryl Tumbleson, Mark Montgomery and Beth Sudberry. The sheriff testified he smelled marihuana on Sheryl Tumbleson and Mark Montgomery. Therefore, in addition to charging Neuroth with being in possession of the several plastic bags of suspect marihuana in "the residence of Victor V. Neuroth," the prosecution also charged Sheryl Tumbleson and Mark Montgomery with possession of the same marihuana.

As probable cause for the arrest of Sheryl Tumbleson, the complaint filed against her stated:

"Probable cause is based upon personal knowledge of the complaining witness which shows that the defendant was involved in smoking marihuana and a large quanity [sic] was found in the house she was occupying."

As probable cause for the arrest of Mark Montgomery, the complaint filed against him stated:

"Probable cause is based upon personal knowledge of the complaining witness which shows that the defendant had been smoking marihuana and a large quanity [sic] was found in the house he was in at the time."

The question of course arises, if the prosecution has taken the position that all of the marihuana involved was in the possession of Sheryl Tumbleson and Mark Montgomery, and if it has charged Sheryl Tumbleson and Mark Montgomery with unlawful possession of such marihuana and accepted their pleas of guilty, can it now say Neuroth was in possession of such marihuana? If so, it would have to be on the theory of a joint possession. That is something the state has not alleged but it does suggest the theory in its brief.

The facts in this case are quite similar to those in Mulligan v. State, Wyo., 513 P.2d 180, which was recently decided by us. In that case we reaffirmed the rule that, if a criminal charge is to be proved by circumstantial evidence, the proof must be not only consistent with the guilt of the accused but it must be inconsistent with any other rational conclusion. That brings

us to this query: Would it be reasonable to believe the marihuana involved in this case might have been possessed by Sheryl Tumbleson, by Mark Montgomery, by Beth Sudberry, or by Noah Gregory and not by Neuroth? We find nothing in the evidence to indicate there is not a definite possibility of that.

Based upon the authorities cited in the *Mulligan* opinion, we are justified in making these conclusions with respect to Neuroth's case:

1. Inasmuch as the only evidence of possession was the sheriff's discovery of marihuana in the general living areas of the house occupied by defendant and at least two others, such evidence is not sufficient to convict for possession.[1]

2. Inasmuch as the unlawful drugs were found in premises not occupied exclusively by the defendant, *and nothing more has been shown*, the evidence is circumstantial and insufficient because it does not exclude every reasonable hypothesis except that of guilt.[2]

We find nothing in the record which could be construed as proof beyond a reasonable doubt that Sheryl Tumbleson, Mark Montgomery, and the defendant were in joint possession of the marihuana here involved. As we have pointed out previously, the defendant named in this case can be convicted only on the theory of a joint possession.

Reversed.

PARKER, C. J., dissented.

## On Petition for Rehearing

Petition for rehearing having been filed by appellee, and it appearing that points raised were carefully and fully considered by the court in the disposition heretofore made;

It is ordered that the petition for rehearing be and the same is hereby denied.

PARKER, C. J., would grant the rehearing.

McEWAN, J., concurs in the denial of the petition for rehearing but questions whether the State can petition for rehearing in a criminal case.

---

1. See State v. Haynes, 25 Ohio St.2d 264, 267 N.E.2d 787, 788.

2. See Sturgeon v. State, Okl.Cr., 483 P.2d 335, 338; Feltes v. People, Colo., 498 P.2d 1128, 1131; Spataro v. State, Fla.App., 179 So.2d 873, 877; Evans v. United States, 9 Cir., 257 F.2d 121, 128; and Watson v. State, 88 Nev. 196, 495 P.2d 365, 366.