**Joe SWBONI, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–727.**

Court of Criminal Appeals of Oklahoma.

April 1, 1977.

Ray Parks, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

## OPINION

PER CURIAM:

Appellant, Joe Swboni, hereinafter referred to as defendant, was charged in the District Court, Pittsburg County, Case No. CRF–75–243, with the offense of Larceny of Domestic Animal, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1716 and § 51. The case was tried to a jury, and a guilty verdict was returned. Punishment was assessed at ten (10) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

We deem it unnecessary to recite the facts of this case inasmuch as we agree with the defendant's contention that the prosecuting attorney committed reversible error by making a prejudicial remark during his closing argument to the jury. The prejudicial remark appears in the record as follows:

"MR. WHITTINGTON: He didn't even wait— he got on the stand there, they told you— Mr. Foor his witness told you he was on parole. He didn't wait until he got off parole to start stealing. Give him a second chance to try again, to get out and start stealing. *He couldn't wait until he got finished to start stealing the cattle again.*

"MR. PARKS: Your Honor, I am going to have to object again. May we approach the bench?

"THE COURT: Bring your book this time Mrs. Helen.

"COUNSEL APPROACH BENCH OUT OF HEARING OF JURY

"MR. PARKS: I am objecting to the argument that has been made about this man previously stealing cattle. It has brought into issue something that is not in evidence, and as a matter of fact if this man has been tried and charged with— convicted of cattle theft, this case was reversed and the case dismissed by the Court of Criminal Appeals, and I move for a mistrial at this time, and object to any testimony on the part of the District Attorney as to stealing cattle in the past.

"THE COURT: For the purpose of the closing arguments, I am going to allow both sides the same latitude on closing arguments, that is your argument on the evidence. For that reason your motion for mistrial will be denied and exceptions allowed."

It is to be noted that defense counsel's assertions were not denied by the prosecutor. The emphasized statement was an attempt by the State to bring to the jury's attention the fact that the defendant had previously been convicted of the crime of Larceny of Domestic Animals. This conviction was, however, subsequently reversed and dismissed by this Court in *Swboni v. State,* Okl.Cr., 514 P.2d 416 (1973), and thus it was highly improper for the prosecutor to bring this to the attention of the jury inasmuch as it would have been reversible error in the instant case even if the other conviction had not been reversed. See, *O'Brien v. State,* Okl.Cr., 540 P.2d 579 (1975); also see, *Noyes v. State,* Okl.Cr., 516 P.2d 1368 (1973).

In accordance with the authority above set forth, the judgment and sentence is REVERSED and REMANDED for new trial.