**Charles Lynn LAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–184.**

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1977.

Bob Ward, Guthrie, Charles Lynn Lay, pro se, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Catherine Gatchell Naifeh, Legal Intern, for appellee.

OPINION

PER CURIAM:

Appellant, Charles Lynn Lay, hereinafter referred to as defendant, was charged, tried by jury and convicted of the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in Case No. CRF–75–27, in District Court, Logan County, Oklahoma. He was sentenced to fifteen (15) years' imprisonment and appeals.

Briefly stated, the trial testimony indicates that two State Troopers stopped a light green Chevelle automobile driven by the defendant at 11:30 a. m., March 25, 1975, on a charge of reckless driving about three miles outside Guthrie.[1] When defendant could produce no driver's license, Trooper Howard Tribble arrested him, and upon looking inside defendant's car observed an altered license plate on the floorboard and a credit card on the dashboard, bearing the name, "Dr. Sarah N. Thomas," and on the back seat, he testified, he saw a jack, a tire iron, camera and tape recorder. When defendant professed no knowledge of Dr. Sarah N. Thomas, the troopers radioed the Sheriff of Logan County who, upon inspection of the scene, radioed his deputy to check Dr. Sarah N. Thomas' apartment in Guthrie. When the deputy reported that the apartment had been broken into the defendant and his companion were arrested for suspicion of burglary, read their constitutional *Miranda* rights and transported to jail. An inventory of defendant's car produced a pin and cuff link, both initialed "SNT."

Doug Allen testified he was driving past Pinebrook Apartments between 10:00 a. m. and 12:00 a. m. on the day in question when he noticed suspicious behavior from two persons standing near apartment No. 2 (Dr. Thomas' apartment). As they sped away in a light green Chevelle he wrote down their license number, XR–1110, the same as defendant's car, and then notified the police.

Alongside the highway near defendant's car, police found other items later identified as belonging to Dr. Thomas.

In his only assignment of error, defendant contends that the trial court erred in admitting the testimony of Trooper Tribble, because he questioned the defendant prior to reading him the *Miranda* rights. The defendant argues that the entirety of Trooper Tribble's testimony thus becomes inadmissible as "fruits of the poisonous tree." *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We do not find this assignment of error to be supported by the facts of this case.

The defendant was arrested on a valid charge of reckless driving, and was issued a citation. The officers saw "in plain view" (*State v. Baxter*, Okl.Cr., 528 P.2d 347 [1974]) the altered 1975 Oklahoma license plate,[2] credit card of a person the defendant denied knowing and the tire tool and household goods in the back seat, thus arousing a reasonable suspicion that criminal activity was afoot. See, *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). As the United States Supreme Court pointed out in *Carroll v. United States*, 267 U.S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543 (1925), police officers can "use their reasoning faculties upon all the facts of which they had previous knowledge in respect to the defendants." When the deputy reported that the apartment of the person whose name appeared on the credit card had been broken into, the troopers had probable cause to arrest the defendant for suspicion of burglary. Consequently, the officers conducted an inventory[3] of defendant's car prior to having it towed away. The evidence thus found and seized is clearly admissible. See, *Bennett v. State*, Okl.Cr., 507 P.2d 1252 (1973).

Defendant, in a separate pro se brief filed with this Court, argues that the United States Supreme Court's ruling in *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), must apply. But *Brown* involved an unlawful arrest and incriminating statements by the defendant once he was in custody. Neither occurred in the case at bar.

For the above reasons we dismiss defendant's sole assignment of error and find that

1. The car was crossing the center line and traveling at a high rate of speed. "He liked to run over me," testified Trooper S. T. Boulding who was driving toward the defendant.

2. Altered in violation of 47 O.S.1971, § 4–110(2); the defendant's car already carried a valid 1975 tag.

3. According to Highway Patrol procedure.

the judgment and sentence should be, and hereby is, AFFIRMED.