**GOVERNMENT OF GUAM, Plaintiff**
**v.**
**JOHN V. GERBER, Defendant**

Civil Case No. 540-78

Superior Court of Guam

August 8, 1978

BENSON, *Judge*

DECISION

This case comes before the Court on defendant John V. Gerber's Motion to Dismiss filed July 28, 1978, and argued August 3, 1978.

Defendant maintains that: (1) the finding of no probable cause to bind him for trial on drug charges which are the basis of this forfeiture action serves as collateral estoppel as to the issue of his knowledge of drugs on the vessel, and (2) *Guam's forfeiture statute, Criminal and Correctional Code § 67.80 et seq.*, is defective in that it denies him the due process right to notice and hearing either before or after seizure.

■ Defendant's first argument is unpersuasive. The finding of no probable cause at the preliminary examination is not a final judgment sufficient to serve as collateral estoppel in a civil proceeding. Therefore, the Court must reach defendant's due process argument.

■ It is clear that under forfeiture statutes post-seizure notice and hearing are sufficient. In the case of *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080 (1974), the Supreme Court recognized that in certain situations to serve an important government interest due process is not denied by postponement of notice and hearing. That case involved the seizure of a leased yacht used to transport marijuana. The court took note of the public interest in preventing the illicit use of property

.as well as the fact that the yacht could easily be removed from the jurisdiction if pre-seizure notice was given.

In these circumstances, we hold that this case presents an "extraordinary" situation in which postponement of notice and hearing until after seizure did not deny due process. 94 S.Ct. 2080, 2080.

Guam's forfeiture statute closely parallels the Federal statute (21 U.S.C. § 881) except in one notable area. Section (d) of the Federal law made applicable other provisions of law relating to judicial forfeiture. This would include, among others, 19 U.S.C. § 1604 which requires the U.S. Attorney to commence forfeiture proceedings when necessary. There is no provision in the Guam law which requires, or authorizes, the institution of forfeiture proceedings. Indeed, it appears that the sole determination of whether forfeiture is required is in the hands of the Governor. See Criminal and Correctional Code § 67.84.

The issue before this Court is whether § 67.84 which allows an aggrieved person to seek review in Superior Court after forfeiture satisfies due process requirements.

The Supreme Court stated in the *Calero-Toledo* decision:

No challenge is made to the District Court's determination that the form of post-seizure notice satisfied due process requirements . . . *Notice, of course, was required to be "reasonably calculated to apprise [the company] of the pendency of the forfeiture proceedings."* (Citation omitted.) (Emphasis added.) 94 S.Ct. 2090.

■ Guam's statute contains no provision for the notification to the aggrieved party of the pendency of forfeiture proceedings. In the instant case the Government did file forfeiture proceedings and did attempt to notify appropriate parties.[1] However, these good faith efforts will not suffice when defendant's challenge is to the statute itself.

In *State v. Matheason*, 84 Wash.2d 388, 524 P.2d 388 (1974), an action was filed seeking the return of a vehicle

---

[1] Although in *Calero-Toledo* the lessee rather than the actual owner was notified, the case strongly suggests that notice to the owner is required. See footnote 3, 94 S.Ct. 2080, 2084.

seized pursuant to Washington's forfeiture statute which is very similar to Guam's. The action was grounded on the argument that the statute was unconstitutional in that it failed to provide post-seizure notice and hearing. The Supreme Court of Washington agreed.

There is no provision in RCW 69.50.505 (b) (4) for notice and hearing even after seizure. While *Calero* holds that in an extraordinary situation such as this notice and hearing may be postponed until after seizure, it does not allow for abolishment of notice and a hearing. 524 P.2d 590.

It is worthy of note that in *Matheason* the Government had countered with a motion to forfeit the vehicle. This attempt to provide due process was apparently ineffective when the statute did not so provide.

The *Calero-Toledo* decision mandates that forfeiture statutes provide post-seizure notice and hearing prior to forfeiture. Guam's statute lacks such provisions and therefore denies due process which is required under the Organic Act.

Defendant's Motion to Dismiss is granted.

SO ORDERED.